**THE CITY OF HOUSTON, Petitioner,**

v.

**Donald CLARK, Respondent.**

No. 04–0930.

Supreme Court of Texas.

Argued Nov. 16, 2005.

Decided June 30, 2006.

1. *Maryland Cas. Co. v. Moritz,* 138 S.W.2d 1095, 1097 (Tex.Civ.App.—Austin 1940, writ ref'd).

Timothy J. Higley, Constance K. Acosta, Anthony W. Hall Jr., Arturo G. Michel, David W. Holman, for petitioner.

E. Troy Blakeney, Richard C. Mumey, Vincent L. Marable III, for respondent.

Steven Goode, Joshua S. Cantrell, Brad Neighbor, for amicus curiae.

Justice O'NEILL delivered the opinion of the Court.

In this case, we must decide whether Chapter 143 of the Local Government Code, known as the Fire Fighter and Police Officer Civil Service Act, authorizes municipalities to appeal adverse decisions of independent hearing examiners. We hold that it does. Accordingly, we reverse the court of appeals' judgment of dismissal and remand the case to that court for consideration of the City of Houston's appeal.

## I. Background

Donald Clark, a senior fire alarm dispatcher for the Houston Fire Department, was suspended for fifteen days without pay for violating basic dispatch protocols. His error caused unnecessary delay in dispatching an emergency vehicle in response to the shooting of a Houston police officer. At the time Clark's suspension was imposed, Houston Fire Chief Lester Tyra was himself serving a seven-day suspension because of an investigation into Clark's placement at the emergency dispatch center. As a result, Clark's suspension was handed down by the acting fire chief. Clark elected to appeal his suspension to an independent hearing examiner, as was his right under the Local Government Code. See TEX. LOC. GOV'T CODE § 143.1016(a).

At the parties' request, the independent hearing examiner simultaneously considered the merits of Clark's appeal and his motion to dismiss, which asserted that the Code only authorized the fire chief, not the acting fire chief, to suspend fire department personnel. The independent hearing examiner denied Clark's appeal on the merits, finding that the fire department's decision to suspend him was justified. But the examiner granted Clark's motion to dismiss,[1] concluding that Section 143.117(a) of the Code empowered only the fire chief to temporarily suspend fire department personnel.[2]

---

1. The court of appeals noted that any contradiction in the simultaneous decisions was not material to the outcome of the appeal. 142 S.W.3d 350, 354. We agree.

2. Section 143.117(a) of the Code provides: "The head of the fire or police department may suspend a fire fighter or police officer under the department head's supervision or jurisdiction for disciplinary reasons for a reasonable period not to exceed 15 days." *Id.* § 143.117(a). The Code defines "department head" as "the chief or head of a fire or police department or that person's equivalent, re-

The City appealed the independent hearing examiner's decision to the district court, asserting that the examiner had exceeded his jurisdiction and incorrectly applied the law in granting Clark's motion to dismiss. It also sought a declaratory judgment that an acting fire chief may issue a temporary suspension under Chapter 143 of the Code. Clark filed a summary-judgment motion arguing that the district court's decision in another case, *City of Houston v. Rivera,* No. 90–045333 (190th Dist. Ct, Harris County, Tex. Feb. 12, 1992), collaterally estopped the City from asserting that an acting fire chief has the authority to suspend a fire fighter. The City filed a cross-motion for summary judgment asserting seven grounds in support.[3] The trial court granted Clark's summary-judgment motion and denied the City's. The court of appeals, finding the factual differences between the circumstances of this case and *Rivera* sufficient to prevent collateral estoppel from barring the City's claim, reversed the trial court's judgment and remanded the case for further review. *City of Houston v. Clark,* No. 01–01–00828–CV, 2002 WL 31771188, at *2, 2002 Tex.App. LEXIS 8854, at *9–10 (Tex.App.—Houston [1st Dist.] Dec.12, 2002, no pet.).

On remand, the trial court again granted summary judgment in Clark's favor, this time noting that the reference to "department head" in Section 143.117(a) did not include an acting fire chief who was neither appointed by the Mayor nor confirmed by the City Council, and therefore, the acting fire chief was not empowered to suspend members of the fire department. The trial court's order reversed Clark's suspension and reinstated his wages and lost time.

The City appealed the trial court's decision, but the court of appeals dismissed the appeal for want of jurisdiction, holding that Section 143.1016(j) of the Code did not afford the City a right to appeal an independent hearing examiner's decision. 142 S.W.2d at 353–54. The court of appeals concluded that the absence of an explicit reference to a municipality's right to appeal a hearing examiner's decision, contrasted with numerous references throughout Chapter 143 to the appellate rights of fire fighters and police officers, could only mean that "no such right or procedures were intended or exist." 142 S.W.3d at 353, 354, n. 3. The court of appeals expressly disagreed with other Texas appellate decisions holding that cities could appeal an adverse independent hearing examiner's decision under Chapter 143. *Compare id., with City of Garland v. Byrd,* 97 S.W.3d 601, 607–08 (Tex.App.-Dallas 2002, pet. denied) (holding that there are no limitations on who may appeal a hearing examiner's decision); *Nuchia v. Woodruff,* 956 S.W.2d 612, 616–18 (Tex.App.—Houston [14th Dist.] 1997, pet. denied) (holding that the city had a right to judicial review under the Declaratory Judgment Act to determine if a hearing examiner exceeded his authority, but not

---

gardless of the name or title used." *Id.* § 143.003(2).

**3.** The City argued: (1) the hearing examiner ignored the provisions of Chapter 143 of the Local Government Code and improperly interpreted the term "department head"; (2) *Rivera* does not control the present case under the doctrine of *stare decisis;* (3) the hearing examiner had jurisdiction to decide the merits of the suspension; (4) the hearing examiner did not have jurisdiction to determine that the acting fire chief did not have the authority to issue a suspension; (5) only the City had the authority to determine who could act as the equivalent of the fire chief; (6) the hearing examiner did not have standing to compel the City to follow procedures it was not legally required to follow; and (7) the City enjoyed governmental immunity.

reaching whether there was a right to an appeal under Section 143.1016(j)); *Nuchia v. Tippy,* 973 S.W.2d 782, 786 (Tex.App.— Tyler 1998, no pet.) (holding that a municipality may appeal an independent hearing examiner's decision to a trial court under Section 143.1016(j)); *City of San Antonio v. Longoria,* No. 04–04–00063–CV, 2004 WL 2098074 (Tex.App.—San Antonio Sept.22, 2004, no pet.) (mem.op.) (reaching the merits of an appeal by the City of a hearing examiner's decision); *but see City of Waco v. Kelley,* 2004 WL 2481383 (Tex. App.—Waco 2004) (holding that the City of Waco had no right to appeal an independent hearing examiner's decision), *rev'd,* 197 S.W.3d 324, 2006 WL 1793302 (Tex.2006) (per curiam). We granted the City's petition for review to resolve this split of authority over municipalities' appellate rights under Section 143.1016(j) of the Local Government Code.[4]

## II. The Parties' Arguments

The City contends the court of appeals erred in foreclosing any recourse by cities to appeal an independent hearing examiner's decision in district court. The City asserts that the decision leaves it without any remedy, even if the examiner's decision is arbitrary or capricious, or if such a decision is procured unlawfully or by fraud. According to the City, construing the statutory scheme to foreclose any right of appeal would indicate an unconstitutional delegation of legislative authority. *See, e.g., Texas Boll Weevil Eradication Found., Inc. v. Lewellen,* 952 S.W.2d 454, 472 (Tex.1997) (designating eight factors to

consider in determining whether a delegation of legislative power is constitutional, including whether a private examiner's decision is subject to meaningful review); *see also Proctor v. Andrews,* 972 S.W.2d 729, 735 (Tex.1998) (holding that the Legislature can delegate authority to private entities if there is protection against the arbitrary exercise of power). The City further claims the hearing examiner in this case exceeded his jurisdiction by, in effect, issuing a declaratory judgment that an acting fire chief must be appointed by the Mayor and confirmed by the City Council in order to suspend fire department personnel under Section 143.117 of the Code.

Clark responds that the City has no right to appeal an independent hearing examiner's decision under Section 143.1016(j). Clark notes that while cities might have recourse to district court to vindicate constitutional rights, the City raises no such rights in this case. Alternatively, Clark argues that, even if the City is determined to have a right to appeal under Section 143.1016(j), such an appeal is limited to the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion or other unlawful means. *See* TEX. LOC. GOV'T CODE § 143.1016(j). Clark contends the City's challenge to the examiner's decision in this case implicates none of these narrow grounds.

## III. Discussion

■ Section 143.1016 of the Local Government Code establishes procedures

---

4. We note the similarity between Sections 143.1016 and 143.057 of the Local Government Code. Section 143.057 applies to all municipalities governed by Chapter 143, while Section 143.1016 applies only to those municipalities with a population of 1.5 million or more. *See* TEX. LOC. GOV'T CODE § 143.101. As we explain herein, Section 143.1016 was modeled on the language of Section 143.057. In particular, the language governing appeals of independent hearing examiner decisions in Sections 143.1016(c) and (j) exactly duplicates that of Sections 143.057(c) and (j). Therefore, our decision today is not limited to the City of Houston; it applies with equal force to all municipalities governed by Chapter 143 of the Local Government Code.

governing the review of certain disciplinary actions against fire fighters and police officers. *See* TEX. LOC. GOV'T CODE § 143.1016. That provision affords an aggrieved officer the choice of appealing an adverse disciplinary action to an independent third party hearing examiner rather than to the Fire Fighters' and Police Officers' Civil Service Commission. *Id.* § 143.1016(a). In exchange, the aggrieved officer accepts a significantly circumscribed right to appeal the examiner's decision, as described in Section 143.1016(c):

> The hearing examiner's decision is final and binding on all parties. If the fire fighter or police officer decides to appeal to an independent third party hearing examiner, the person automatically waives all rights to appeal to a district court except as provided by subsection (j).

*Id.* § 143.1016(c). Subsection (j) states in pertinent part:

> A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means.

*Id.* § 143.1016(j).[5]

In this case, we must decide whether Section 143.1016(j) affords the City a right of appeal from an independent hearing examiner's decision, or whether the Legislature intended the limited appeal in subjection (j) to apply exclusively to fire fighters and police officers.

## A

■■■ In interpreting Section 143.1016(j), our primary objective is to ascertain and give effect to the Legislature's intent. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003). In discerning that intent, we begin with the " 'plain and common meaning of the statute's words.' " *Id.* (quoting *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002)). Words and phrases are to be read in context and, in construing a statute, we may consider the consequences of a particular construction. TEX. GOV'T CODE §§ 311.011, 311.023(5).

Section 143.1016(j), by its own terms, does not allocate the right to appeal an independent hearing examiner's decision to any particular party, although it does expressly restrict the scope of that appeal. This general right is in stark contrast to other portions of the Code, which explicitly afford appellate rights only to fire fighters and police officers. *See* TEX. LOC. GOV'T CODE §§ 143.010(a) ("[I]f a fire fighter or police officer wants to appeal to the commission ..., the fire fighter or police officer need only file an appeal with the commission ...."); 143.015(a) ("If a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside."); 143.034(a) (allowing promotional candidates from the fire or police department to appeal to the commission if they are dissatisfied with the review of their examination); 143.053(b) (allowing a suspended fire fighter or police officer to appeal a suspension to the Commission); *see also id.* §§ 143.1015(a); 143.1016(c); 143.117(e); 143.120(a).

---

**5.** The Legislature's use of the phrase "arbitration panel" is difficult to explain in the context of appeals to individual independent hearing examiners under Section 143.1016, since the hearing examiner, not an arbitration panel, provides a final decision. For purposes of this case, we presume Section 143.1016(j)'s reference to "arbitration panel" includes an independent hearing examiner.

In the context of the entire Code, we believe this distinction is meaningful. *See PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship,* 146 S.W.3d 79, 84 (Tex.2004) ("When the Legislature includes a right or remedy in one part of a code but omits it in another, that may be precisely what the Legislature intended" and "we must honor that difference"). Throughout Chapter 143, fire fighters and police officers are uniformly granted the right to appeal adverse recommendations, proposed solutions or decisions when the decisionmaker is the Commission or a Commission appointee. *See City of Houston v. Jackson,* 192 S.W.3d 764, 768 (Tex. 2006) (discussing the various appeals tracks afforded aggrieved officers under the grievance procedure codified in Sections 143.127–143.134). In those instances, the decisionmakers are closely aligned with the municipalities that have chosen to be governed by Chapter 143 of the Code. *See, e.g.,* TEX. LOC. GOV'T CODE § 143.006(b) (explaining that the Commission consists of three members appointed by the municipality's chief executive and confirmed by the governing body of the municipality). The allocation of appellate rights only to aggrieved officers in such situations acknowledges this implicit alignment.

However, an appeal from an independent hearing examiner's award differs categorically from the appeal of a decision made by the fire or police department, a Commission-appointed grievance examiner, or the Commission itself. Selected only after the aggrieved officer's and the department head's mutual agreement,[6] an independent hearing examiner has no implicit Commission alignment. *Id.* § 143.1016(d). Consequently, there would be no apparent reason for the Legislature to foreclose a right of appeal to either party. We believe the general language the Legislature chose to describe the right of appeal under Section 143.1016(j) was deliberate and not intended to foreclose a municipality's appellate rights.

Clark contends that, had the Legislature intended to authorize the City to appeal an independent hearing examiner's decision, it would have expressly provided for such a right. Of course, the flip side is also true; the Legislature could have as easily expressly limited appellate rights under Section 143.1016(j) solely to aggrieved officers, as it did many times throughout other sections of the Code. Instead, Section 143.1016(j) states generally that "[a] district court may hear *an appeal* of a hearing examiner's award," specifically foreclosing the right to neither party. *Id.* § 143.1016(j) (emphasis added).

Clark next argues that Section 143.1016(j) does not create a right to appeal, but merely defines the contours of the right established in Section 143.1016(c). In essence, Clark suggests that the portions of Section 143.1016(c) informing fire fighters and police officers of their limited right of review on appeal would be rendered surplusage if all parties before a hearing examiner were provided the same right to appeal under Section 143.1016(j).

We disagree. The specific reference to fire fighters and police officers in Section 143.1016(c) is best understood when viewing the Code in its entirety, as we must. *See, e.g., Fleming Foods of Tex. v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999). The Legislature's apparent purpose in Section 143.1016(c) was to ensure that fire fighters

---

**6.** If no agreement can be reached, the Code provides a mechanism for the selection of an arbitrator from the American Arbitration Association or the Federal Mediation and Conciliation Service. *Id.*

and police officers are fully aware of a significant consequence that will result if they elect to have an independent hearing examiner, rather than the Commission, hear their appeal.[7] Appeals from an independent hearing examiner's decision are severely circumscribed, while appeals from a Commission decision to district court are reviewed *de novo.* *Id.* § 143.015(a)-(b). Since at this early stage it is up to the aggrieved officer which course to pursue, the legislative warning is understandable. Section 143.1016(c) merely reinforces the notion that aggrieved officers should proceed with caution when considering their various appeal options.

We also note that, while affording police officers and fire fighters a unilateral right of review makes sense when appeal is from the decisions of Commission appointees or the Commission itself, *see, e.g.,* TEX. LOC. GOV'T CODE § 143.006(b), Clark has offered no reason why the Legislature would grant only a unilateral right to appeal a decision made by an independent hearing examiner who is not appointed by or affiliated with the municipality. Clark points to the fact that police officers and fire fighters give up *de novo* district court review when they choose to proceed before an independent hearing examiner, but that appeals route is equally foreclosed to the Commission once the grievant's selection of an independent hearing examiner has been made. As we have said, "[t]he Legislature can ... delegate authority to private entities 'if the legislative purpose is discernible and there is protection against the arbitrary exercise of power.' " *Proctor,* 972 S.W.2d at 735 (quoting *Office of Pub. Ins. Counsel v. Tex. Auto. Ins. Plan,* 860 S.W.2d 231, 237 (Tex.App.—Austin

1993, writ denied)). Under Clark's interpretation, cities could be hamstrung by an independent hearing examiner's arbitrary or even fraudulent decision without recourse. We cannot see how the public interest is served by such a result. *See* TEX. GOV'T CODE § 311.021 ("In enacting a statute, it is presumed that ... a just and reasonable result is intended ... and public interest is favored over any private interest.").

In addition, interpreting Section 143.1016(j) to foreclose municipalities' appellate rights could well render the Legislature's delegation of authority to independent hearing examiners constitutionally suspect. *See Texas Boll Weevil Eradication Found.,* 952 S.W.2d at 472. When faced with multiple constructions of a statute, we must interpret the statutory language in a manner that renders it constitutional if it is possible to do so; "[s]tatutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with [the constitution]." *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 715 (Tex.1990); *see also* TEX. GOV'T CODE § 311.021 (stating "[i]n enacting a statute, it is presumed that: (1) compliance with the constitutions of this state and the United States is intended").

Our interpretation of the statutory language is based on its plain language and context, and further avoids a constitutionally suspect construction. Our holding also finds support in the historical roots of the hearing examiner provisions currently

---

7. As a further warning, the Legislature required the letter of disciplinary action issued to a fire fighter or police officer to state that if the fire fighter or police officer opted for an independent hearing examiner to oversee the appeal, the person waives all rights to a district court appeal except as provided in Section 143.1016(j). TEX. LOC. GOV'T CODE § 143.1016(a).

codified in the Local Government Code, to which we now turn.

## B

Section 143.1016 was added to the Local Government Code in 1989, just two years after the Code was created as a result of the Legislature's directive to reclassify and rearrange Texas' statutes in a more logical order.[8] Section 143.1016, which incorporates a hearing examiner provision specifically for municipalities with a population of 1.5 million or more, was based on the language of Section 143.057, the hearing examiner provision applicable to all municipalities governed by Chapter 143 of the Code.[9] The Bill Analysis from the legislation enacting Section 143.1016 explains that the bill "[a]mends Chapter 143, Local Government Code, by adding Section 143.1016. This section duplicates Sec. 143.057 except as described as follows." SEN. COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. S.B. 688, 71st Leg., R.S. (1989). The "as follows" describes certain differences between Sections 143.057 and 143.1016, but none relate to the provisions affecting appeals from an independent hearing examiner's decision. In fact, the appeals provisions in Sections 143.1016(c) and (j) are identical to those found in Sections 143.057(c) and (j). Therefore, it seems likely that the Legislature intended to provide the City of Houston the same right to appeal an independent hearing examiner's decision under Sections 143.1016(c) and (j) as that provided other municipalities under Sections 143.057(c) and (j). That being the case, the historical development of the hearing examiner provision codified in Section 143.057 informs our analysis of municipalities' right to appeal an adverse independent hearing examiner's decision under Section 143.1016(j). *See* TEX. GOV'T CODE § 311.023(4) ("In construing a statute ... a court may consider ... former statutory provisions, including laws on the same or similar subjects.").

The history of independent hearing examiners in the section of Texas' civil statutes governing cities, towns and villages can be traced to a 1983 amendment to article 1269m, which created the following sections:

Sec. 16c. HEARING EXAMINERS. (a) In a city having a population of less than 1,500,000 according to the most recent federal census, in an appeal of an indefinite suspension, a suspension, a promotional passover, or a recommended demotion, the appealing employee may elect to appeal to an independent third party hearing examiner instead of to the commission. To exercise this choice, the appealing employee must submit a letter to the director stating his decision to appeal to an independent third party hearing examiner.

(b) The decision of the hearing examiner is final and binding on all parties. *If the* employee *decides to appeal to an independent third party hearing examiner, the employee automatically waives all rights to appeal to district court.*

---

8. Act of May 25, 1989, 71st Leg., R.S., ch. 854, § 4, 1989 Tex. Gen. Laws 3829; *see* TEX. GOV'T CODE § 323.007 (requiring the Texas Legislative Council to plan and execute a permanent statutory revision program, but without altering the sense, meaning, or effect of the statutes).

9. *See* TEX. LOC. GOV'T CODE § 143.057; *see also id.* § 143.002 (explaining that this Chapter applies only to a municipality: (1) that (A) has a population of 10,000 or more; (B) has a paid fire department and police department; and (C) has voted to adopt this chapter or the law codified by this chapter; or (2) whose election to adopt this chapter and whose acts subsequent to that election were validated by the law enacted by House Bill 822, Acts of the 73rd Legislature, Regular Session, 1993).

. . .

(f) *A state district court may hear appeals of an award of a hearing examiner* only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means. An appeal must be brought in the state district court having jurisdiction in the municipality in which the department is located.

Act of May 30, 68th Leg., R.S., ch. 420, § 9, 1983 Tex. Gen. Laws 2246, 2265–67 (emphasis added).

The 1983 legislation added new Section 16c to apply to all civil service cities of less than 1,500,000. HOUSE COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. H.B. 1015, 68th Leg., R.S. (1983). The Bill Analysis explains that Section 16c provides for "the use of independent third-party hearing examiners instead of the Commission[. I]f the appealing employee elects to use the [hearing] examiner he waives *all* right to appeal to District Court." *Id.* at page 3. Therefore, after 1983, an employee could choose an independent hearing examiner to hear an appeal of a disciplinary suspension, but was required to waive *all* rights to appeal the examiner's decision to the district court. And yet, Section 16c(f) unambiguously envisions a limited appeal of the examiner's decision to state district court. In light of the wholesale prohibition of employee appeal rights, the limited appellate right referenced in 16c(f) could only have referred to that of the municipality.

In 1985, the Legislature amended Section 16c in two separate bills. The first amendment expanded the use of independent hearing examiners to City of Houston employees by eliminating the provision's restriction to those cities with a population of less than 1.5 million:

(a) In a city *in this state that has adopted this Act* [having a population of less than 1,500,000 according to the most recent federal census], in an appeal of an indefinite suspension, a suspension, a promotional passover, or a recommended demotion, the appealing employee may elect to appeal to an independent third party hearing examiner instead of to the commission. To exercise this choice, the appealing employee must submit a letter to the director stating his decision to appeal to an independent third party hearing examiner.

Act of May 27, 1985, 69th Leg., R.S., ch. 958, § 7, 1985 Tex. Gen. Laws, 3227, 3231 (emphasis in original). The Bill Analysis describes the change to Section 16c(a) as: "Amends Section 16(c) of [article] 1269m by adding cities of 1,500,000 or more to those who may elect to appeal to a hearing examiner." SEN. COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. S.B. 540, 69th Leg., R.S. (1985). With this amendment, the right to have an independent hearing examiner hear the appeal of a disciplinary suspension was extended to City of Houston employees.

The second amendment to Section 16c required that municipalities inform employees in the letter of disciplinary action that they would have the right to appeal an examiner's decision, as limited by Section 16c(f), which right had been expressly precluded in the 1983 legislation. Section 16c(a) was amended, in pertinent part, as follows:

(a) In a city having a population of less than 1,500,000 according to the most recent federal census, *the letter of disciplinary action issued to an employee shall state, in addition to other notice requirements prescribed by this Act, that* in an appeal of an indefinite suspension, a suspension, a promotional passover, or a recommended demotion, the

appealing employee may elect to appeal to an independent third party hearing examiner instead of to the commission. *The letter must also state that if the employee elects to appeal to a hearing examiner, the employee waives all rights of appeal to a district court except as provided by Subsection (f) of this section.* To exercise this choice, the appealing employee must submit [a letter] to the director *a written request as part of the original notice of appeal required under Section 16b(b) of this Act* stating his decision to appeal to an independent third party hearing examiner.

Act of May 26, 1985, 69th Leg., R.S. ch. 910, § 5(a), 1985 Tex. Gen. Laws 3046, 3052. This second amendment requires the department to provide notice to the employee of (1) a right to appeal the disciplinary action to an independent hearing examiner, and (2) the consequences on the scope of the employee's appellate rights—described in Subsection (f), which mirrors the limitations of Section 143.1016(j)—if the employee chooses that route. In explaining this amendment to Section 16c(a), the Bill Analysis describes the change as "adding requirements to the content of a letter of disciplinary action." HOUSE COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. H.B. 1657, 69th Leg., R.S. (1985). The effect of this amendment is problematic in that Section 16c(b) was not amended at all in 1985, and continued to say that, if the employee decides to appeal to a hearing examiner, "the employee automatically waives all rights to appeal to district court." Act of May 30, 1983, 68th Leg., R.S., ch. 420, § 9, 1983 Tex. Gen. Laws 2246, 2266. Clearly, the two provisions are not compatible and it was unclear whether employees were authorized to appeal a hearing examiner's decision after 1985. But the inconsistency was short lived, as the Legislature amended Section 16c(b) to explicitly afford employ-ees the right to appeal an examiner's decision, as circumscribed by Section 16c(f), which eliminated the tension between the provisions. In 1987, Texas' civil statutes affecting cities, towns, and villages were recodified into the Local Government Code by Senate Bill 896. *See* Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 906. The Bill Analysis explained the Texas Legislative Council's mandate to codify Texas' civil statutes and noted that the purpose of the bill was "a nonsubstantive revision of the Texas statutes relating to local government, primarily cities and counties." SEN. COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. S.B. 896, 70th Leg., R.S. (1987). Senate Bill 896's proposed language for Section 143.057(c) merely strips out Section 16c(b)'s denial of any right to appeal and inserted the right to an appeal as limited by current Section 143.057(j). *See* TEX. LOC. GOV'T CODE §§ 143.057(c), (j). Nothing in the text of the bill, the Bill Analysis, or the Revisor's Notes indicates that the text of current Section 143.057(c) was altered during the recodification process to read "the employee automatically waives all rights to appeal to district court *except as provided by Subsection (j)."* Id. § 143.057(c) (emphasis added). Nevertheless, the change appears to have been made in the 1987 recodification.

Whether or not the Legislature intended to provide employees the right to appeal a hearing examiner's decision in 1985 or 1987, the fact remains that appeals to district court were allowed in 1983 even though employees were unambiguously denied such a right. This historical reconstruction strongly suggests that when the Legislature created the independent hearing examiner option in 1983, municipalities, indeed *only* municipalities, were afforded a limited right to appeal the examiner's decision, and there is nothing to indicate that

municipalities do not retain that right today.

We conclude that Chapter 143 does not preclude the City of Houston from appealing the independent hearing examiner's adverse decision in this case. That appeal, however, is restricted by the scope of review described in Section 143.1016(j), *i.e.*, that the hearing examiner was without jurisdiction or exceeded that jurisdiction or the order was procured by fraud, collusion or other unlawful means. TEX. LOC. GOV'T CODE § 143.1016(j). The City claims its appeal fits within Section 143.1016(j)'s limited scope because the hearing examiner acted without or exceeded his jurisdiction by erroneously deciding that an acting fire chief is not authorized to suspend fire department personnel. Clark responds that the acting fire chief had no authority to suspend, but even if he did, the hearing examiner's decision to the contrary was nevertheless within the examiner's jurisdiction and thus unassailable under Section 143.1016(j). Because the court of appeals dismissed the City's appeal, it did not reach these issues.

Of course, if the right of appeal provided by Section 143.1016(j) does not afford a city meaningful review of the merits of a decision, as Clark appears to argue, delegation of grievance decisions to an independent hearing examiner may raise constitutional problems. *See Tex. Boll Weevil Eradication Found.*, 952 S.W.2d at 472. The City takes a much broader view of the issues the provision would allow to be raised on appeal. But the precise scope of the appeal provided by Section 143.1016(j) and its effect on cities have not been fully presented in this Court. *See Proctor*, 972 S.W.2d at 735 (declining to decide whether the Legislature impermissibly delegated authority to hear appeals to a private decisionmaker under Section 143.057(d) of the Local Government Code since that question was not properly framed by the City). Having concluded that the court of appeals erred in dismissing the appeal, we remand the case to that court for consideration of the parties' arguments on these issues and others.

## IV. Conclusion

We hold that Section 143.1016(j) of the Local Government Code affords the City of Houston the right to appeal the independent hearing examiner's adverse decision in this case, and the court of appeals erred in dismissing the City's appeal. Accordingly, we reverse the court of appeals' judgment dismissing the City's appeal for want of jurisdiction and remand the case to that court for further proceedings.