Concurring Opinion issued on March 18, 2008 withdrawn and Substitute
Concurring Opinion filed April 22, 2008








Concurring
Opinion issued on March 18, 2008 withdrawn and Substitute Concurring Opinion
filed April 22, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00399-CV

_______________

 

CITY OF HOUSTON, Appellant

 

V.

 

DONALD CLARK, Appellee

                                                                                                                                               


On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 00‑20826

                                                                                                                                               


 

S U B S T I T U T E   C O N C U R R I N G   O P I N I
O N

 

The Concurring Opinion issued in this
case on March 18, 2008 is withdrawn and the following substitute Concurring
Opinion is issued in its place.

I agree with the disposition reached
by the Majority Opinion, but for the reasons set forth below.

 








                                                  Declaratory
Judgment Claims

The Majority Opinion concludes that
the trial court lacked jurisdiction over the parties= declaratory judgment claims because
those claims were not within the scope of the City=s right to appeal the hearing
examiner=s decision under section
143.1016(j).  However, this overlooks the facts that: (1) as recited in the
Majority opinion, the City=s lawsuit in the trial court not only appealed the hearing
examiner=s decision, but also sought
declaratory relief, i.e., as a separate claim from the relief it sought
in appealing the hearing examiner=s decision; and (2) in addition to
filing a denial of the City=s action to appeal the hearing examiner=s decision, Clark filed a
counterclaim for declaratory relief.  Therefore, the Majority=s conclusion that the parties= claims for declaratory relief were
not within the City=s limited right of appeal does not dispose of those claims
because they were asserted separately from the City=s claims regarding the appeal.

As a preliminary matter, because our
disposition of the declaratory judgment issues in the preceding appeal to this
court was not overturned in the Supreme Court=s opinion,[1]
it technically remains in effect.  However, because our explanation for
dismissing the declaratory judgment issues in the preceding appeal relied, in
part, (unnecessarily) on our holding that the City had no right to appeal,
which was reversed, it would be prudent to reiterate the reasoning that leads
to the same conclusion on the declaratory judgment issues based on the current
circumstances.








Standing is a component of subject
matter jurisdiction that cannot be waived, and may be raised for the first time
on appeal by the parties or the court.  Tex. Ass=n of Bus. v. Air Control Bd., 852 S.W.2d 440, 443-45 (Tex. 1993).
Standing requires a real controversy to exist between the parties that will
actually be determined by the judicial declaration sought.  Tex. Workers= Comp. Comm=n v. Garcia, 893 S.W.2d 504, 517-18 (Tex.
1995).  If a live controversy ceases to exist in a case, the parties lack a
legally cognizable interest in the outcome, or the court=s actions cannot affect the rights of
the parties, the case becomes moot.  Pinnacle Gas Treating, Inc. v. Read,
104 S.W.3d 544, 545 (Tex. 2003); Williams v. Lara, 52 S.W.3d 171, 184
(Tex. 2001).  Courts have no jurisdiction to render advisory opinions on moot
controversies.  Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822
(Tex. 2000); Nat=l Collegiate Athletic Ass=n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999).  The
distinctive feature of an advisory opinion is that it decides an abstract
question of law without binding the parties.  Tex. Ass=n of Bus., 852 S.W.2d at 444.  In this
context, the Declaratory Judgments Act is a procedural device for deciding
cases already within a court=s jurisdiction, rather than a legislative enlargement of the
court=s power that would permit the
rendition of advisory opinions.  Id.

In this case, because the appeal of
the hearing examiner=s decision will resolve the dispute between the City and
Clark with regard to Clark=s suspension, that dispute cannot be affected by any
determination on the issues for which declaratory relief was sought in this
case by either party.  There is, thus, no live controversy between the City and
Clark regarding his suspension outside of that appeal, and the declaratory
judgment rendered by the district court in Clark=s favor is purely advisory.  It is
for this reason, rather than that relied upon in the Majority Opinion, that
neither this court nor the district court has jurisdiction to decide any of the
declaratory judgment claims, and those claims should be dismissed.

                                                   Hearing
Examiner=s Decision








Where, as in this case, a fire
fighter appeals a disciplinary decision to a hearing examiner rather than to
the Fire Fighters= and Police Officers= Civil Service Commission (the ACommission@), the hearing examiner=s decision is final and binding on
all parties, and the fire fighter automatically waives all rights to appeal to
a district court except as provided by subsection 143.1016(j) (Asubsection (j)@) of the Texas Local Government Code
(Athe code@).  See  Tex. Loc. Gov=t Code Ann. ' 143.1016(c) (Vernon 2008).  Under
subsection (j), a district court may hear an appeal of a hearing examiner=s award only on the grounds that the
arbitration panel was without jurisdiction or exceeded its jurisdiction or that
the order was procured by fraud, collusion, or other unlawful means.  See id.
' 143.1016(j);  Clark, 197
S.W.3d at 324 (holding that the City has a right to appeal a hearing examiner=s decision,[2]
but the appeal is restricted in scope by subsection (j)).








In this case, the City does not
contend that the hearing examiner=s award was procured by fraud,
collusion, or other unlawful means, but argues that the hearing examiner=s decision can be reviewed for
whether the examiner was either without jurisdiction or abused his
authority.  However, subjection (j) does not expressly contain an abuse of
authority standard, and we have previously recognized that the case law is
unsettled as to whether that standard applies to subsection (j), and, if so,
what it means.  See Bradford v. Pappillion, 207 S.W.3d 841, 843-45 (Tex.
App.CHouston [14th Dist.] 2006, no pet.). 
However, in considering the scope of subsection (j), the First Court Opinion in
the preceding appeal in this case stated:

[T]he City argued in its motion for
summary judgment that the hearing examiner had exceeded his authority by ruling
incorrectly on the motion to dismiss.  That is, on motion for summary
judgment, the City argued that the hearing examiner made the wrong
decision, not that he had no power to make that decision.

Consistent with section 143.1016(j),
the City may not challenge the correctness of the hearing examiner=s decision.  If the hearing examiner
had jurisdiction to rule on the motion to dismiss, that ruling, whether right
or wrong, is unassailable unless obtained by fraud or some other unlawful
means. Therefore, under ' 143.1016(j), the issue is not whether he ruled correctly,
but whether he had jurisdiction to rule at all on the motion to dismiss.

City of Houston v. Clark, No. 01-01-00828-CV,
2002 WL 31771188, at *4 (Tex. App.CHouston [1st Dist.] Dec. 12, 2002)
(citations omitted).  The Supreme Court=s opinion similarly noted:

The City claims its appeal fits
within Section 143.1016(j)=s limited scope because the hearing examiner acted without or
exceeded his jurisdiction by erroneously deciding that an acting fire chief is
not authorized to suspend fire department personnel.

*          *          *          *

The City takes a much broader view of
the issues [than] the provision would allow to be raised on appeal.








City of Houston, 197 S.W.3d at 324.[3] 
Therefore, our review must be confined to the City=s arguments that challenge the
hearing examiner=s jurisdiction to rule on the motion to dismiss at all (as
contrasted from those that contend, in effect, that the hearing examiner ruled
incorrectly that the acting fire chief lacked the necessary authority by
misapplying applicable law).[4]

The City first challenges the hearing
examiner=s jurisdiction to rule on Clark=s motion to dismiss on the ground
that Clark waived his objection to the acting fire chief=s lack of authority to suspend him by
failing to include it as a basis for his appeal.[5] 
However, the City cites no authority providing that a fire fighter cannot add
to the grounds stated in his notice of appeal, and the hearing examiner=s award states:

A Motion to Dismiss was filed on behalf
of [Clark] following the hearing on the merits of the instant matter.  It
was mutually agreed to by the parties that the [hearing examiner] should rule
on the Motion to Dismiss, and upon the merits of the instant matter.

(emphasis added).  Therefore, the
City has not demonstrated that Clark waived his objection to the acting chief=s lack of authority to suspend him
(and the City does not assert that the hearing examiner would lack jurisdiction
over that issue for any other reason).








The City also challenges the hearing
examiner=s jurisdiction to rule on the motion
to dismiss on the ground that it was outside the statutory scope of appeal,
which was limited to deciding whether the suspension was supported by just
cause, should be reduced, or should be reversed.[6] 
However, in support of this contention, the City states only that AThe hearing examiner . . . had no
authority to rule on Clark=s Motion to Dismiss without absolute disregard of all
applicable law, specifically City Ordinance 34-55 [pertaining to the
appointment and authority of an acting HFD chief] and Tex. Loc. Gov=t Code, Section 34-55 [apparently an
error, as no such section exists].@  Therefore, the City has not
demonstrated that a ruling on the motion to dismiss was outside the statutory
scope of appeal.

Because the City=s remaining challenges to the hearing
examiner=s jurisdiction to rule on the motion
to dismiss are all variations of its argument that the hearing examiner 

misapplied the law in ruling
incorrectly on that motion, we can not properly address them.

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

 

 

Substitute Concurring Opinion filed
April 22, 2008.

Panel consists of Justices Frost,
Guzman, and Edelman.*









[1]           See City of Houston v. Clark, 197
S.W.3d 314, 324 (Tex. 2006).





[2]           There is no right to
judicial review of an administrative order unless a statute explicitly provides
that right or the order violates a constitutional right.  Houston Mun.
Employees Pension Sys. v. Ferrell, __ S.W.3d __, __ (Tex. 2007). 
Accordingly, when an act is either silent on the question of appeal or
expressly denies a right to appeal, a party may appeal only where the
administrative action complained of violates a constitutional provision.  Id. 
Where no constitutional violation is at issue and the question is merely
whether the Legislature specifically provided for judicial review, courts look
to the plain meaning of the statutory text to determine the Legislature=s intent.  Id. The words, Afinal and binding,@ when used to describe an
administrative decision, preclude judicial review.  Id.

As relevant to this case, section
143.1016(c) of the code provides that a hearing examiner=s decision is Afinal and binding on all parties,@ and that a fire fighter
automatically waives all rights to appeal except as provided by subsection
143.1016(j).  Although no provision of the code refers to any right of appeal
by a city whatever, and there was no issue as to the constitutionality of the administrative
order in this case, the Court=s conclusion that such a right nevertheless exists was based
largely on the City=s contention (raised for the first time in the Supreme Court),
and the Court=s concern, that construing the code to foreclose such a right of appeal
would constitute an unconstitutional delegation of authority.  See Clark,
197 S.W.3d at 317, 320.  In addition, the Court noted that if the right of
appeal in subsection (j) does not afford a city a meaningful review of the
merits of a decision, the delegation of grievance decisions to an independent
hearing examiner may itself raise constitutional problems.  Id. at 324.

It is not apparent how this rationale fits with the
Court=s previous decision that the Texas Constitution
guarantees separation of powers only as between branches of state, not local,
government.  See City of Fort Worth v. Zimlich, 29 S.W.3d 62, 72 (Tex.
2000).  Moreover, in construing the current code to provide the City this right
of appeal, the opinion construed a previous version of the statute to deny a
police officer or fire fighter that right, and, thus, in effect, to have the
very constitutional defect that the Court was construing the current statute to
avoid.  See Clark, 197 S.W.3d at 321-25.  Nor is it apparent how a right
to judicial review can be held to exist where the statute does not explicitly
provide it and no constitutional violation has been asserted or found. See
Ferrell, __ SW3d at __.

In this
case, however, because the City has not challenged the constitutionality of the
scope of the right of appeal under subsection (j), we need not address it
further.





[3]           See supra note 2.





[4]           We therefore do not address, expressly or
impliedly, whether an acting fire chief has the authority to issue a
suspension, and, as indicated in the preceding section, the trial court=s declaratory judgment pertaining to that issue is of
no effect.





[5]           See Tex. Loc. Gov=t Code '
143.010(b) (Vernon 2008) (requiring a fire fighter=s appeal to include the basis for the appeal).





[6]           See Tex. Loc. Gov=t Code '
143.016(f) (Vernon 2008) (stating that a hearing examiner has the same duties
and powers as the Commission); id. '
143.118(a), (b)(Vernon 2008)(stating that in a fire fighter=s appeal to the Commission, the Commission shall
determine if just cause exists for the suspension, may order a reduction in the
period of suspension, and may reverse the department head=s decision and instruct the department head to
immediately restore the fire fighter to his prior position and repay him any
lost wages).  The City does not contend that the granting of the motion to
dismiss is procedurally different from the reversal of a suspension.  Nor does
the City contend that a suspension could not be reversed if the person imposing
it lacked the authority to do so.





*           Senior Justice Richard Edelman sitting by
assignment.