# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

### NO. 03-07-00025-CV

**Texas Citizens for a Safe Future and Clean Water and Mr. James G. Popp, Appellants**

**v.**

**Railroad Commission of Texas and Pioneer Exploration, Ltd., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-06-001303, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## CONCURRING OPINION

About all that can be said with clarity regarding the term "public interest" is that everyone is for it—at least according to one's own perception of it. Of course, perspectives may differ dramatically as to the relevant "public,"[1] much less what is in that public's "interest" or the virtually infinite range of considerations that could potentially bear upon that inquiry. But whatever the value of this broad and even aspirational term in other contexts, it has serious drawbacks—as the present controversy illustrates—when used in a legislative delegation of power to an administrative agency. Administrative agencies possess only those powers the legislature has expressly granted

---

[1] All things being equal, the relevant "public" could mean, e.g., a few individuals, a neighborhood, a community, all Texans, or conceivably the whole world.

them by statute, together with those necessarily implied from the statutory authority conferred or duties imposed. *See Public Util. Comm'n v. GTE-Southwest, Inc.*, 901 S.W.2d 401, 407 (Tex. 1995). Such statutes not only serve as benchmarks against which courts can ascertain whether agencies have remained within their legislatively conferred authority, but are ultimately the constitutional moorings of the administrative state within a government founded on separation-of-powers principles. *See City of Houston v. Clark*, 197 S.W.3d 314, 324 (Tex. 2006) (confirming the continued viability of the delegation doctrine). A statutory mandate that an agency consider the "public interest," without further guidance, more closely resembles a restatement of general powers or goals of government[2] than an express statutory directive. In more practical terms, such a term invites incursions by agencies into areas that the legislature never intended (though this case presents the anomaly of an agency actually *dis*claiming statutory powers).

The legislature did not define what it meant by "public interest" in section 27.051(b)(1) of the water code, nor did it specify the criteria that the Railroad Commission must consider when making that determination. I agree with the appellees and the many amici that the Court cannot view "public interest" in isolation, but must construe it in its statutory context. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). To this extent, I agree that "public interest" in section 27.051(b)(1) is not an unqualified delegation of policymaking power, nor is it wholly without objective meaning; instead, it is necessarily limited by the statutory context in which it appears. Nonetheless, I ultimately must agree with my colleagues regarding the narrow, largely theoretical

---

[2] *E.g.*, U.S. Const. pmbl. ("We the people of the United States, in order to . . . promote the general welfare . . . do ordain and establish this Constitution . . . . ).

2

issue presented in this proceeding—there is nothing in the statutory scheme related to the Railroad Commission or its injection-well program evidencing legislative intent to limit the Commission's *statutory authority* or *jurisdiction* in a manner that would preclude it from considering the public-safety factors presented below in its assessment of the "public interest" bearing on its issuance of an injection-well permit. Because the Commission's order was premised on a narrower understanding of its statutory powers, I agree that remand is appropriate[3] and join in overruling the Commission's motion for reconsideration en banc. I also join in Justice Waldrop's acknowledgments that the existence of the Commission's statutory power to consider "public interest" factors does not imply how the Commission should exercise it in determining the weight any particular proffered "public interest" consideration should be given, as informed by its judgments of fact or policy. ___ S.W.3d ___, ___ (Waldrop, J., concurring opinion to denial of en banc consideration); *see also Public Util. Comm'n of Tex. v. Texas Tel. Ass'n*, 163 S.W.3d 204, 213 (Tex. App.—Austin 2005, no pet.) ("It is within the [Public Utility] Commission's authority to decide what public interest means in a particular case . . . [and it] has wide discretion in determining what factors to consider when deciding whether something serves the public interest." (citation omitted)).

_____

Bob Pemberton, Justice

Joined by Chief Justice Law, Justices Puryear and Waldrop

Filed: May 23, 2008

---

[3] *See* Tex. Gov't Code Ann. § 2001.174(2)(D) (West 2000).