**Opinion filed August 9, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00247-CV

_____

## FABIAN SCOTT BUTLER, Appellant

## V.

## CITY OF BIG SPRING, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 50870**

## O P I N I O N

Fabian Scott Butler challenges the district court's order granting the City of Big Spring's motion for summary judgment in a case arising under the Civil Service Act. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 143.001–.363 (West 2008 &

Supp. 2017). Butler, a fire fighter, appealed his indefinite suspension to a third-party hearing examiner, who reduced his indefinite suspension to a one-week suspension.[1]

On appeal to the district court, the City asserted that "the hearing examiner exceeded and/or lacked jurisdiction when he made his own rules and then ordered the reinstatement of Butler." The City also asserted that the hearing examiner's decision was procured by "fraud, collusion, or other unlawful means." *See id.* § 143.057(j) (district court may hear appeal of hearing examiner's award only on grounds that hearing examiner[2] had no jurisdiction or exceeded its jurisdiction or that order was procured by fraud, collusion, or other unlawful means). The trial court granted the City's motion for summary judgment based on these contentions.

The trial court subsequently entered a final judgment vacating the hearing examiner's decision and remanding the matter back to the hearing examiner with instructions to reopen the evidence "with regard to the proper penalty for the violation of the Rules and Regulations of the Big Spring Fire Department." Butler challenges the trial court's summary judgment in a single issue. We affirm.

*Background Facts*

Appellant was a lieutenant in the Big Spring Fire Department. The chief of the department indefinitely suspended him after an incident occurring at the Federal Correction Institute (FCI) at Big Spring. As noted in the hearing examiner's decision: "The undisputed evidence is that [Butler] did not have his ID with him when he entered the [FCI] . . . . As a result[,] he was denied access to a secure area where a patient was located."

---

[1]An indefinite suspension is equivalent to dismissal from the department. LOC. GOV'T § 143.052(b); *see City of Waco v. Kelley*, 309 S.W.3d 536, 540 (Tex. 2010).

[2]Although the statute refers to an "arbitration panel" having no jurisdiction or exceeding its jurisdiction, the term includes a hearing examiner. *City of Pasadena v. Smith*, 292 S.W.3d 14, 19 (Tex. 2009).

The chief alleged in the notice of indefinite suspension that Butler was rude and discourteous to the FCI staff. The notice charged violations of subsections (4), (5), (8), and (12) of Section 143.051 of the Local Government Code and Big Spring Local Civil Service Rules Section 8(B), paragraphs 4, 5, 8, and 12. *See* LOC. GOV'T § 143.051. Specifically, the notice alleged neglect of duty, discourtesy to the public while in the line of duty, conduct prejudicial to good order, and violations of fire department rules and regulations. The notice concluded with informing Butler that he was indefinitely suspended from his duties with the department.

Butler exercised the option to appeal his indefinite suspension to an independent hearing examiner. *See id.* § 143.057 (appealing fire fighter may elect to appeal to independent third-party hearing examiner instead of to civil service commission). The hearing examiner identified the issues to be decided as follows: (1) whether the City established the alleged violations as true by a preponderance of the credible evidence; and (2) what is the appropriate discipline if one or more of the alleged violations are found to be true? The hearing examiner found that Butler was negligent for not having his ID at the FCI, that this omission caused Butler to be unable to do his duty, and that he was rude and/or derogatory "in some manner." These findings by the hearing officer are not challenged on appeal.

The hearing officer determined that the incident occurring at FCI was not so extreme that it justified an indefinite suspension. He then examined Butler's disciplinary record involving eleven incidents occurring over approximately a five-year period. The hearing officer determined that, out of the previous eleven incidents, Butler was only formally disciplined on two occasions. As for the remainder of the incidents, the hearing officer characterized them as "counselings which warn against future violations (for arguing or hostility or rudeness); notations that similar complaints would not be tolerated; that additional corrective action could result; and even one that sends [Butler] home for the rest of his shift."

The hearing examiner determined that Butler's past disciplinary record did not lead "directly to a termination in this case."  He cited an arbitration treatise entitled "*The Common Law of the Workplace*," and he quoted the following provision from it:

> Unless otherwise agreed, discipline for all but the most serious offenses must be imposed in gradually increasing levels.  The primary objective of discipline is to correct rather than to punish.  Thus, for most offenses, employers should use one or more warnings before suspensions, and suspensions before discharge.

National Academy of Arbitrators, "*The Common Law of the Workplace, The Views of Arbitrators* § 6.7(3)(a) (2nd ed.).  The hearing examiner noted that Butler had never been suspended in the past and that the City's way of handling Butler "never gave him pause to consider that he might be fired for his alleged conduct in the future."  The hearing examiner stated: "Because [Butler] never suffered increasing levels of discipline he was never confronted in a meaningful way to correct his course.  Tolerance of [Butler's] alleged behavior did neither side any good."  The hearing examiner concluded: "Since, the principle of progressive discipline has been ingrained into the 'just cause' standard, I find there is no 'just cause' to terminate [Butler] and that the appropriate discipline for charges shown to be true is a one-week suspension."

The City appealed to the district court alleging that the hearing examiner lacked or exceeded his authority and jurisdiction by imposing principles of arbitral law by relying upon the arbitration treatise cited above.  *See City of Houston v. Clark*, 197 S.W.3d 314, 324 (Tex. 2006) (holding municipality, as well as employee, has right to appeal hearing examiner's award in district court).  The City also asserted that the hearing examiner's award was procured by fraud, collusion, or other unlawful means.  The City asserted that Butler was untruthful in the proceeding before the hearing examiner where he sought reinstatement because he subsequently

4

filed a lawsuit against the City wherein he asserted that reinstatement was impractical and unworkable. As noted previously, the City filed a summary judgment on these same grounds. Butler filed a plea to the jurisdiction and his own motion for summary judgment. The trial court granted the City's motion for summary judgment and denied Butler's plea to the jurisdiction and motion for summary judgment.

*Analysis*

We review a trial court's grant or denial of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional motion for summary judgment, the moving party must prove that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion." TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). When there are competing summary judgment motions on the same issues, and the trial court grants one and denies the other, we consider the summary judgment evidence presented by both sides and determine all questions presented, and if we determine that the trial court erred, we render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

If a classified fire fighter or police officer is involuntarily suspended, he may appeal the suspension to either the commission or an independent third-party hearing examiner. LOC. GOV'T § 143.057(a). If the appeal is to a hearing examiner, the examiner has the same duties and powers as the commission. *Id.* § 143.057(f). The

5

ultimate decision options of the commission—and hearing examiner—are specified in Section 143.053:

> (e) In its decision, the commission shall state whether the suspended fire fighter or police officer is:
>
> > (1) permanently dismissed from the fire or police department;
> >
> > (2) temporarily suspended from the department; or
> >
> > (3) restored to the person's former position or status in the department's classified service.
>
> (f) If the commission finds that the period of disciplinary suspension should be reduced, the commission may order a reduction in the period of suspension.

*Id.* § 143.053(e)–(f); *see Kelley*, 309 S.W.3d at 542–43.

When a fire fighter or police officer elects to have his suspension reviewed by an independent third-party hearing examiner, instead of the commission, the hearing examiner's decision is final and binding on all the parties except on the narrow grounds listed in Section 143.057(j). LOC. GOV'T § 143.057(c), (j); *see City of DeSoto v. White*, 288 S.W.3d 389, 392 (Tex. 2009). One of the permissible grounds for an appeal is that the hearing examiner acted without or exceeded his jurisdiction. LOC. GOV'T § 143.057(j). A hearing examiner exceeds his jurisdiction "when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *Kelley*, 309 S.W.3d at 542 (quoting *City of Pasadena v. Smith*, 292 S.W.3d 14, 21 (Tex. 2009)). "[A] hearing examiner is not authorized to make rules, but must follow those prescribed by the Legislature." *Id.* (citing *Smith*, 292 S.W.3d at 20).

The City contends that the hearing examiner exceeded his jurisdiction by relying on the treatise in a manner that conflicted with the applicable rules of the Big Spring Fire Department. We agree. Rule 202.0 of the Big Spring Fire Department is entitled "Counseling and Disciplinary Action." As per its stated purpose, the

rule's procedures guide fire department supervisors in dealing with disciplinary problems they may encounter. The rule requires that supervisors administer discipline in a "corrective, progressive, and lawful manner." With respect to the "progressive" component, the rule provides as follows:

> Progressive in that discipline will normally begin with a verbal counseling and, when circumstances of separate or related incidents warrant, proceed to written reprimands then demotion, suspension, or indefinite suspension. An incident of misconduct may require any of these forms of disciplinary action *whether or not a lesser form has preceded the action.* This will depend on the severity of the offense.

(Emphasis added).

By its express terms, the fire department rule does not require that a lesser form of disciplinary action must precede the disciplinary action taken. However, the hearing examiner determined that the City's sanction of indefinite suspension was improper because the City had not previously imposed the lesser sanction of a temporary suspension. In making this determination, the hearing examiner referred to and followed a "standard" that was contrary to the applicable fire department rule. Thus, the hearing officer made a new rule or policy because he followed a standard that differed from the fire department rule. *See Smith*, 292 S.W.3d at 20 ("[T]he Act does not empower a hearing examiner to make rules."). Accordingly, the hearing examiner exceeded his jurisdiction.

Butler contends that the hearing examiner's references to *The Common Law of the Workplace* were "benign." He asserts that the portions of the treatise cited by the hearing examiner are consistent with the applicable fire department rule with respect to progressive discipline. We disagree with Butler's arguments. The hearing examiner stated as follows in his decision: "Since the principle of progressive discipline has been ingrained into the 'just cause' standard, I find that there is no 'just cause' to terminate [Butler] . . . ." This statement indicates that the hearing

7

examiner imposed a standard that he derived from the treatise because he had previously cited the treatise when discussing the "just cause" principle. The pages of the treatise that he cited contain a discussion of "Reasons Constituting Just Cause" and "Magnitude of Discipline; Progressive Discipline."

The portion of the treatise that the hearing examiner quoted states in relevant part: "Thus, for most offenses, employers should use one or more warnings before suspensions, and suspensions before discharge." The hearing examiner essentially cited this portion of the treatise to determine that the City's indefinite suspension was unwarranted because it had not imposed increasing levels of discipline prior to imposing the indefinite suspension. However, the fire department rule expressly provides that a higher form of disciplinary action may be imposed whether or not a lesser form has previously been imposed. Accordingly, the hearing examiner imposed an interpretation of progressive discipline that differed from the existing fire department rule.

Butler also contends that the City is judicially estopped from asserting that the hearing examiner exceeded his jurisdiction by relying on the treatise because the City cited other treatises in its post-submission brief to the hearing examiner. Judicial estoppel precludes a party who successfully maintained a position in one proceeding from later adopting a clearly inconsistent position in a subsequent proceeding. *Ferguson v. Building Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009). Its essential function is to "prevent the use of intentional self-contradiction as a means of obtaining unfair advantage." *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008). Judicial estoppel is an equitable doctrine that the district court has the discretion to invoke. *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 117 (Tex. 2018). We review the trial court's decision pertaining to judicial estoppel for an abuse of discretion. *Id.*

8

The record does not indicate that the trial court abused its discretion by implicitly rejecting Butler's judicial estoppel contention. We first note that jurisdictional matters cannot be waived. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Furthermore, the City neither cited the treatise relied upon by the hearing examiner nor took a position inconsistent with the applicable fire department rule. Accordingly, we overrule Butler's sole issue on the basis that the trial court properly granted the City's motion for summary judgment because the hearing examiner exceeded his jurisdiction. We do not reach the City's other contentions for overturning the hearing examiner's decision. Also, we deny as moot the City's "Motion for Leave to File Exhibit" pertaining to documents arising from a federal lawsuit that Butler filed against the City.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

August 9, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.