**CITY OF PASADENA,**
Texas, Petitioner

v.

**Richard SMITH, Respondent.**

No. 06–0948.

Supreme Court of Texas.

Argued Sept. 10, 2008.
Decided Aug. 28, 2009.

Kevin D. Jewell, William S. Helfand, Norman R. Giles, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Petitioner.

Heidi Lee Widell, San Antonio, TX, for Respondent.

Marcus L. Dobbs, Senior Assistant City Attorney, Houston, TX, for Amicus Curiae–City of Houston.

Evelyn Waithira Njuguna, Texas Municipal League, Austin, TX, for Amicus Curiae–Texas Municipal League.

James C. Ho, Solicitor General of Texas, Austin, TX, for Amicus Curiae–State of Texas.

B. Craig Deats, Deats Durst Owen & Levy, P.L.L.C., Austin, TX, for Amicus Curiae–TX Assoc. of Firefighters.

Justice HECHT delivered the opinion of the Court.

The Fire Fighters and Police Officers Civil Service Act[1] limits the grounds for judicial review of a hearing examiner's decision in an appeal from a disciplinary suspension,[2] but as we observed in *City of Houston v. Clark,* if those limitations do not allow for meaningful review, they may violate constitutional restrictions on the delegation of government authority to a private person.[3] One ground is that the hearing officer exceeded his jurisdiction.[4] In this case we hold that the hearing examiner exceeded his jurisdiction in summarily reversing an officer's indefinite suspension and reinstating him with back pay and full benefits because the Act requires a hearing examiner to reach a decision based on evidence. Accordingly, we reverse the judgment of the court of appeals[5] and remand the case to the district court for further proceedings.

City of Pasadena Police Chief M.A. Massey suspended officer Richard Smith indefinitely. The Act gave Smith two routes of appeal—either to the City's civil service commission[6] or to an independent third-party hearing examiner[7]—independent third-party hearing examiner—and he chose the latter, as civil service employees often do.[8] The parties selected a hearing examiner from a list provided by the

1. Tex. Loc. Gov't Code Chapter 143, §§ 143.001–.363.

2. *Id.* § § 143.057(j) ("A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means."), 143.1016(j) (same for cities with a population of 1.5 million or more).

3. 197 S.W.3d 314, 324 (Tex.2006) ("Of course, if the right of appeal provided by Section 143.1016(j) does not afford a city meaningful review of the merits of a decision, ... delegation of grievance decisions to an independent hearing examiner may raise constitutional problems.") (citing *Tex. Boll Weevil Eradication Found., Inc. v. Lewellen,* 952 S.W.2d 454, 472 (Tex.1997)).

4. *Supra* note 2.

5. 263 S.W.3d 80 (Tex.App.-Houston [1st Dist.] 2006).

6. Tex. Loc. Gov't Code §§ 143.010, 143.053.

7. *Id.* § 143.057.

8. *See Proctor v. Andrews,* 972 S.W.2d 729, 736 (Tex.1998) ("It is likely a perception of bias in favor of the City, on the part of the Civil Service Commission, that prompts officers to request that their appeal be heard under section 143.057 [by an independent hearing examiner]."). Amicus curiae, the Texas State Association of Fire Fighters, confirms that fire fighters have a "strong desire ... to appeal ... to independent hearing examiners ... rather than to civil service commissions whose members are appointed solely by the cities' chief executives." Brief of Texas State Association of Fire Fighters as Amicus Curiae Supporting Respondent at 2.

American Arbitration Association.[9] When the hearing convened, counsel for the City announced ready, but counsel for Smith moved that the suspension be overturned and that Smith be reinstated without further ado because Chief Massey—the department head[10] on whose statement the suspension was based[11]—was not present. The City's counsel stated that he was prepared to prove the grounds for the suspension through Assistant Chief Rahr, who was present, but the hearing examiner agreed with Smith, concluding that "these charges should be dismissed". The hearing concluded in less than half an hour without any evidence being presented.

Later, in a written decision, the hearing examiner ruled that Smith should be reinstated, that he should be fully compensated for the time he had been suspended, and that all service credits and benefits should be restored. The written decision gave as the sole ground for the ruling: "As the Department Head failed to appear under Texas Local Government Code, Section 143.1015(2)(k)(4), at hearing on December 9, 2004, the Hearing Examiner upheld the appeal and dismissed the charges against Officer Smith." No such section exists. The hearing examiner apparently meant section 143.1015(k) of the Act, which states in part: "The director [of fire fighters' and police officers' civil service[12]] may not send the hearing examiner the department head's original written statement. The department head shall submit the written statement and charges to the hearing examiner at the hearing."[13] The hearing examiner also appears to have overlooked the fact that some of the Act's provisions, including section 143.1015, apply only to a city with a population of at least 1.5 million—viz, Houston.[14] The City of Pasadena, a Houston suburb, does not qualify.[15]

9. TEX. LOC. GOV'T CODE § 143.057(d) ("If the appealing fire fighter or police officer chooses to appeal to a hearing examiner, the fire fighter or police officer and the department head, or their designees, shall first attempt to agree on the selection of an impartial hearing examiner. If the parties do not agree on the selection of a hearing examiner on or within 10 days after the date the appeal is filed, the director shall immediately request a list of seven qualified neutral arbitrators from the American Arbitration Association or the Federal Mediation and Conciliation Service, or their successors in function. The fire fighter or police officer and the department head, or their designees, may agree on one of the seven neutral arbitrators on the list. If they do not agree within five working days after the date they received the list, each party or the party's designee shall alternate striking a name from the list and the name remaining is the hearing examiner. The parties or their designees shall agree on a date for the hearing.").

10. *Id.* § 143.003(2) ("'Department head' means the chief or head of a fire or police department or that person's equivalent, regardless of the name or title used.").

11. *Id.* § 143.052(c) ("If the department head suspends a fire fighter or police officer, the department head shall, within 120 hours after the hour of suspension, file a written statement with the commission giving the reasons for the suspension. The department head shall immediately deliver a copy of the statement in person to the suspended fire fighter or police officer.").

12. *Id.* § 143.003(3) ("'Director' means the director of fire fighters' and police officers' civil service.").

13. *Id.* § 143.1015(k).

14. *Id.* § 143.101(a) ("Except as otherwise provided, this subchapter [G, containing sections 143.101–.135, including 143.1015] applies only to a municipality with a population of 1.5 million or more."); (b) ("Except as otherwise provided, the provisions of Subchapters A–F apply to each municipality covered under this subchapter.").

15. According to the 2000 United States census, the population of the City of Pasadena was 141,674. *See* U.S. Census Bureau, "Pas-

The City petitioned the district court for review. Smith filed a plea to the jurisdiction, arguing that the City's petition was untimely. The court sustained the plea, and the City appealed. Without addressing the timeliness of the appeal,[16] the court held that the district court had no jurisdiction over the case under section 143.057(j) of the Act.[17] We granted the City's petition for review.[18]

Section 143.057(j), which is not limited to cities over 1.5 million,[19] states in pertinent part: "A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means."[20] Because subsection 143.057(j) is identical to the provision we construed in *Clark*, section 143.1016(j), though that section applies only to Houston,[21] *Clark* applies to all civil service cities.[22]

*Clark* rejected the argument that only a fire fighter or police officer can appeal to the district court and held that a municipality may appeal as well, even though the

statute is silent on the subject.[23] In reaching that conclusion, we were mindful that "interpreting Section 143.1016(j) to foreclose municipalities' appellate rights could well render the Legislature's delegation of authority to independent hearing examiners constitutionally suspect."[24] The potential problem was the nondelegation doctrine—the Texas Constitution's restrictions on the delegation of governmental power, especially to private persons, which we thoroughly explained in *Texas Boll Weevil Eradication Foundation, Inc. v. Lewellen*.[25] There, we reiterated:

> The Texas Legislature may delegate its powers to agencies established to carry out legislative purposes, as long as it establishes reasonable standards to guide the entity to which the powers are delegated.

> \*　　\*　　\*

> The separation of powers clause [TEX. CONST. art. II, § 1] requires that the standards of delegation be reasonably clear and hence acceptable as a standard·

adena city, Texas QuickLinks", http:// quickfacts.census.gov/qfd/states/48/4856000lk. html, http://factfinder.census.gov/servlet/ QTTable?_bm=y&-qr_name=DEC_2000_SF 1_U_DP1&-ds_name=DEC_2000_SF1_U&-_ lang=en&-geo_id=16000US4856000.

16.   263 S.W.3d 80, 85 n. 6 (Tex.App.-Houston [1st Dist.] 2006).

17.   *Id.* at 85.

18.   51 Tex. Sup.Ct. J. 866 (May 16, 2008) (granted on motion for rehearing); 51 Tex. Sup.Ct. J. 180 (Dec. 7, 2007) (prior disposition).

19.   *See supra* note 14; *compare* TEX. LOC. GOV'T CODE §§ 143.053(a) and .052(a) ("This section does not apply to a municipality with a population of 1.5 million or more."), *with* § 143.057.

20.   TEX. LOC. GOV'T CODE § 143.057(j).

21.   *Id.* § 143.101(a) (providing that subchapter G, which includes 143.1016, applies only to a municipality with a population of 1.5 million or more).

22.   197 S.W.3d 314, 317 n. 4 (Tex.2006) ("Section 143.1016 was modeled on the language of Section 143.057. In particular, the language governing appeals of independent hearing examiner decisions in Sections 143.1016(c) and (j) exactly duplicates that of Sections 143.057(c) and (j). Therefore, our decision today is not limited to the City of Houston; it applies with equal force to all municipalities governed by Chapter 143 of the Local Government Code.").

23.   *Id.* at 318–320.

24.   *Id.* at 320.

25.   952 S.W.2d 454 (Tex.1997).

of measurement.[26]

A delegation of power without such standards is an abdication of the authority to set government policy which the Constitution assigns to the legislative department. While legislative delegations of authority to other governmental entities can raise constitutional concerns,

> private delegations clearly raise even more troubling constitutional issues than their public counterparts. On a practical basis, the private delegate may have a personal or pecuniary interest which is inconsistent with or repugnant to the public interest to be served. More fundamentally, the basic concept of democratic rule under a republican form of government is compromised when public powers are abandoned to those who are neither elected by the people, appointed by a public official or entity, nor employed by the government. Thus, we believe it axiomatic that courts should subject private delegations to a more searching scrutiny than their public counterparts.[27]

Applying eight factors,[28] we held that the delegation of power to the private entity in that case was unconstitutional.[29]

We do not determine here whether this Act's delegation of authority to a hearing examiner violates the nondelegation doctrine; we consider only whether the court of appeals' construction of section 143.057(j) raises constitutional concerns. Thus, we do not address all eight factors listed in *Boll Weevil* but focus on the first one—whether the hearing examiner's "actions [are] subject to meaningful review by a state agency or other branch of state government"[30]—because it is directly implicated by the scope of review in section 143.057(j). The Act's use of independent hearing examiners provides a forum for resolving civil service disputes that is detached from city government, thus furthering the Act's purpose of "secur[ing] efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants."[31] In *Proctor v. Andrews*, we rejected the contention that the Act violates the nondelegation doctrine by failing to provide adequate standards for assuring that arbitrators are qualified and neutral.[32] Here, the State as amicus curiae argues that submission of civil service disputes to hearing examiners is simply a resort to arbitration and therefore raises no constitutional concerns.[33] But if the Act does not bind hearing examiners to definite

---

26. *Id.* at 467 (citations and internal quotation marks omitted).

27. *Id.* at 469.

28. *Id.* at 472 ("1. Are the private delegate's actions subject to meaningful review by a state agency or other branch of state government? 2. Are the persons affected by the private delegate's actions adequately represented in the decisionmaking process? 3. Is the private delegate's power limited to making rules, or does the delegate also apply the law to particular individuals? 4. Does the private delegate have a pecuniary or other personal interest that may conflict with his or her public function? 5. Is the private delegate empowered to define criminal acts or impose criminal sanctions? 6. Is the delegation narrow in duration, extent, and subject matter? 7. Does the private delegate possess special qualifications or training for the task delegated to it? 8. Has the Legislature provided sufficient standards to guide the private delegate in its work?").

29. *Id.* at 471, 475.

30. *Id.* at 472.

31. Tex. Loc. Gov't Code § 143.001(a).

32. 972 S.W.2d 729 (Tex. 1998).

33. Brief of the State of Texas as Amicus Curiae in Support of Respondent at 1–2.

standards for reaching decisions and instead gives them broad latitude in determining not only factual disputes but the applicable law, they become not merely independent arbiters but policy makers, which is a legislative function. This would raise nondelegation concerns, an issue noted but not addressed in *Proctor*.[34] It is one thing for a hearing examiner to determine whether conduct for which an officer or fire fighter has been disciplined occurred as charged; it is quite another thing for a hearing examiner to decide whether conduct that did occur deserves discipline. If a city can invoke judicial review to require that a hearing examiner's ruling be made according to law, one concern of the nondelegation doctrine is satisfied. But as we observed in *Clark*, "if the right of appeal provided by Section 143.1016(j) does not afford a city meaningful review of the merits of a [hearing examiner's] decision, ... delegation of grievance decisions to an independent hearing examiner may raise constitutional problems."[35]

■ Thus, in construing the scope of judicial review permitted by section 143.057(j), we must be mindful as in *Clark* that "[w]hen faced with multiple constructions of a statute, we must interpret the statutory language in a manner that renders it constitutional if it is possible to do so".[36] The City argues that the hearing examiner's summary ruling exceeded his jurisdiction within the meaning of section 143.057(j). The statute actually refers to an "arbitration panel" exceeding its jurisdiction, but the term includes a hearing examiner.[37] The reference to arbitration suggests the source for the statutory text. The predecessor to section 143.057(j) was first enacted in 1983.[38] The Texas General Arbitration Act, enacted in 1965, uses similar language in providing that a court can vacate an arbitration award "procured by corruption, fraud or other undue means" or where "[t]he arbitrators exceeded their powers".[39] The Federal Arbitration Act, enacted in 1947, uses almost identical language.[40]

34. 972 S.W.2d at 735 ("The City does not contend that the Legislature impermissibly delegated authority to hear appeals to a private decisionmaker. While this broader delegation of authority was discussed in amici briefs submitted by the cities of Marshall, Amarillo, and Garland, and suggested at the oral argument of this case, it was not a part of the City's case either in the courts below or here.").

35. *City of Houston v. Clark*, 197 S.W.3d 314, 324 (Tex.2006).

36. *Id.* at 320 (citing *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex.1990) ("[s]tatutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with [the constitution]"), and Tex. Gov't Code § 311.021(1) ("In enacting a statute, it is presumed that ... compliance with the constitutions of this state and the United States is intended....")).

37. *Id.* at 318 n. 5 ("The Legislature's use of the phrase 'arbitration panel' is difficult to explain in the context of appeals to individual independent hearing examiners under Section 143.1016, since the hearing examiner, not an arbitration panel, provides a final decision. For purposes of this case, we presume Section 143.1016(j)'s reference to 'arbitration panel' includes an independent hearing examiner.").

38. Act of May 30, 1983, 68th Leg., R.S., ch. 420, § 9, 1983 Tex. Gen. Laws 2246, 2267, formerly codified as Tex.Rev.Civ. Stat. Ann. art. 1269m, § 16c(f).

39. Act of May 29, 1965, 59th Leg., R.S., ch. 689, § 1, 1965 Tex. Gen. Laws 1593, 1599, formerly Tex.Rev.Civ Stat. Ann. art. 237, § A(1), (3), now Tex. Civ. Prac. & Rem.Code § 171.088(a)(1), (3)(A).

40. 9 U.S.C. § 10(1), (4); Pub.L. No. 80–282, 61 Stat. 669 (1947).

An arbitrator derives his power from the parties' agreement to submit to arbitration,[41] and because the law favors arbitration, and arbitration agreements are often quite broad, judicial review of an arbitration award is usually very narrow.[42] By contrast, an independent hearing examiner's jurisdiction is created by the Act and comes with significant constraints. The Act states that "[i]n each hearing conducted [on appeal from a promotional bypass or disciplinary action], the hearing examiner has the same duties and powers as the [civil service] commission".[43] The Act prescribes various deadlines, procedures, and limitations on the commission,[44] which apply equally to hearing examiners.[45] Importantly, the Act states: "The commission shall conduct the hearing fairly and impartially as prescribed by this chapter and shall render a just and fair decision. The commission may consider only the evidence submitted at the hearing."[46] This provision both confers and limits the power of a commission and a hearing examiner. It mandates that a decision be made on evidence submitted at the hearing.

The hearing examiner in this case violated that requirement. His ruling was based entirely on the absence of the department head, a witness the City did not expect to offer. The hearing examiner did not allow evidence to be presented. Nothing in the Act permitted him to rule as he did. Smith argues that the hearing examiner could reasonably have concluded that since section 143.1015(k) requires the presence of the department head at civil service appeal proceedings in Houston, the same rule should apply in other cities. But the Act does not empower a hearing examiner to make rules. He had no authority to impose on the City a requirement that the Act makes quite clear does *not* apply. Moreover, even when section 143.1015(k) does apply, it does not authorize rendition of a default judgment as an automatic penalty for noncompliance.[47] Smith argues that the hearing examiner can be faulted only for a simple mistake of law, but it clearly exceeds a hearing examiner's jurisdiction to refuse to hear evidence before deciding that a police officer was improperly disciplined, contrary to the express requirement of the Act.

Smith faults the City for not pointing out to the hearing examiner the inapplicability of section 143.1015(k), and for not

**41.** *Gulf Oil Corp. v. Guidry,* 160 Tex. 139, 327 S.W.2d 406, 408 (1959) ("[T]he authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication.").

**42.** *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex.2002) ("[W]e have long held that 'an award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it.' ") (quoting *City of San Antonio v. McKenzie Constr. Co.,* 136 Tex. 315, 150 S.W.2d 989, 996 (1941)).

**43.** TEX. LOC. GOV'T CODE § 143.057(f).

**44.** *See, e.g., id.* §§ 143.010 and 143.051–.054.

**45.** *Id.* § 143.057(f).

**46.** *Id.* § 143.010(g).

**47.** *Cf.* § 143.052(f) ("If the department head does not specifically point out in the written statement the act or acts of the fire fighter or police officer that allegedly violated the civil service rules, the commission shall promptly reinstate the person."); *see also* § 143.1015(j) ("In any hearing relating to the appeal or review of an action of the department head that affects a fire fighter or police officer, the department head shall have the burden of proof. The department head is required to prove the allegations contained in the written statement, and the department head is restricted to the written statement and charges, which may not be amended.").

requesting a continuance. Certainly, the City would have been better served had counsel done so. But the City's failure to object to an incorrect citation cannot expand the jurisdiction of a hearing examiner, any more than it could expand the jurisdiction of a trial court.

■■■ We agree with the court of appeals: "[a]sserting that a decision made by the hearing examiner is incorrect is not the same as asserting that the examiner did not have jurisdiction."[48] In borrowing language from the Texas Arbitration Act, the Act appears to intend a restrictive standard for judicial review. But the court of appeals failed to recognize that the Act imposes significant limits on hearing examiners' authority to determine disciplinary action disputes, and the nondelegation doctrine requires enforcement of those limits. Those limits restrict a hearing examiner's jurisdiction. It is difficult to distill from these statutory and constitutional constraints a simple, precise standard for determining whether a hearing examiner has exceeded his jurisdiction. Five courts of appeals have stated that it occurs when the ruling amounts to an abuse of authority.[49] Three of the five have added that "[a]n abuse of authority occurs when a decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law."[50] None of these expressions accurately restates the restrictions on a hearing examiner's authority. Even incidental errors in applying the law may be considered clear and prejudicial, and almost any decision seems unreasonable to the loser. A hearing examiner may exceed his jurisdiction even if his decision is reasoned rather than arbitrary. And while a hearing examiner abuses his authority if he exceeds his jurisdiction, the former phrase does nothing to inform the latter. The most accurate test we can state is that a hearing examiner exceeds his jurisdiction when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine.

■■■ By that test, the hearing examiner in this case exceeded his jurisdiction, and therefore the City's appeal to the district court was authorized under section 143.057(j). The issue remains whether it was timely perfected. Since the Act does not expressly provide for an appeal by a city—we have construed it to do so to avoid constitutional problems—it understandably does not expressly set a deadline

48. 263 S.W.3d 80, 85 (Tex.App.-Houston [1st Dist.] 2006).

49. *See City of Weslaco v. Lucio*, 2008 WL 5275244, 2008 Tex.App. LEXIS 9540 (Tex. App.-Corpus Christi–Edinburg Dec. 22, 2008); *City of Waco v. Kelley*, 226 S.W.3d 672, 675 (Tex.App.-Waco 2007, pet. granted) (Supreme Court cause number 07–0485); *City of Laredo v. Leal*, 161 S.W.3d 558, 563 (Tex.App.-San Antonio 2004, pet. denied); *City of Garland v. Byrd*, 97 S.W.3d 601, 607 (Tex.App.-Dallas 2002, pet. denied); *Lindsey v. Fireman's & Policeman's Civil Serv. Comm'n*, 980 S.W.2d 233, 236–237 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *Nuchia v. Tippy*, 973 S.W.2d 782, 786 (Tex.App.-Tyler 1998, no pet.). *But see City of Houston v. Clark*, 252 S.W.3d 561, 567 (Tex.App.-Houston [14th Dist.] 2008, no pet.) ("the district court and [court of appeal] lack jurisdiction to review the merits of the hearing examiner's decision, including issues regarding whether the hearing examiner abused his discretion and ignored or misinterpreted controlling law"); *Bradford v. Pappillion*, 207 S.W.3d 841, 844 (Tex.App.-Houston [14th Dist.] 2006, no pet.) ("although there is overlap between the scope of the abuse of authority standard and the common meaning of the language used in section 143.1016(j), there is little, if any, basis to equate them").

50. *City of Waco*, 226 S.W.3d at 675; *City of Laredo*, 161 S.W.3d at 563; *City of Garland*, 97 S.W.3d at 607.

for a city's appeal. We have held that "[w]hen a statute lacks an express limitations period, courts look to analogous causes of action for which an express limitations period is available either by statute or by case law."[51] Here, the parties disagree as to whether a deadline for appeal is jurisdictional or in the nature of limitations, and we need not resolve that issue. In either event, the same rule applies: we look to a provision related to the right of appeal for a deadline. There are two possibilities in the Act. One is section 143.1016(j), applicable only to Houston, which provides that "[i]f the basis for the appeal of the hearing examiner's award is based on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction, the petition must be filed in district court within 10 days of the hearing examiner's decision."[52] The other is section 143.015(a), which applies to other cities:

> If a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside. The petition must be filed within 10 days after the date the final commission decision:
>
> (1) is sent to the fire fighter or police officer by certified mail; or
>
> (2) is personally received by the fire fighter or police officer or by that person's designee.[53]

We think the latter is the more closely analogous provision in this case, so that the same deadline applies to all appellants other than in Houston, whether cities, officers, or fire fighters.

 The undisputed facts are that the hearing examiner issued his ruling on March 31, 2005, that the decision was sent by regular mail to the City on April 7, that it was received April 11, and that the City filed its petition in the district court on April 20. Since the decision was not sent by certified mail, subsection (1) of section 143.015(a) does not apply. Under subsection (2), the City's petition, filed nine days after receipt, was timely.

Accordingly, we reverse the judgment of the court of appeals and remand the case to the district court for further proceedings consistent with this opinion.

**51.** *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 518 (Tex.1998).

**52.** Tex. Loc. Gov't Code § 143.1016(j); see also § 143.101(a).

**53.** *Id.* § 142.015(a).