# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00215-CV

**Christopher Jenkins, Appellant**

**v.**

**City of Cedar Park, Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. D-1-GN-12-002849, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

The hearing examiner in this case exceeded his jurisdiction by upholding Jenkins's suspension on a basis not supported by statute. As a result, the trial court had jurisdiction over Jenkins's appeal. Because the Court holds otherwise, I respectfully dissent.

As explained in the majority's opinion, the City of Cedar Park indefinitely suspended Jenkins, a fire fighter, charging him with violations of Section 143.051 of the Texas Local Government Code, Section 143.056(g) of the Local Government Code, Rule 143.051(1) of the City's Civil Service Rules, and three fire department rules. Jenkins appealed his suspension to a hearing examiner, who found that Jenkins violated Section 143.051 of the Local Government Code and the three fire department rules, but that Jenkins did not violate the City's Civil Service Rule. Jenkins contends that by upholding his suspension without finding that Jenkins violated the City's

Civil Service Rule, the hearing examiner exceeded his jurisdiction, conferring a right to Jenkins to appeal to the district court. I agree.

Section 143.057(j) of the Texas Local Government Code provides the standard for when a district court has jurisdiction over an appeal of a hearing examiner's decision. It states, in relevant part:

> A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel[1] was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means.

Tex. Loc. Gov't Code § 143.057(j). The Texas Supreme Court has noted that the Civil Service Act "imposes significant limits" on a hearing examiner's jurisdiction and that the non-delegation doctrine requires enforcement of those limits. *City of Pasadena v. Smith*, 292 S.W.3d 14, 21 (Tex. 2009). In *City of Pasadena*, the court concluded that "a hearing examiner exceeds his jurisdiction when his acts are not authorized by the [Civil Service] Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *Id.* Under this test, the hearing examiner in this case exceeded his jurisdiction by acting in a manner not authorized by the Act, and therefore Jenkins has a right to appeal to the district court.

The hearing examiner exceeded his jurisdiction in this case because he upheld Jenkins's suspension on a basis that is not authorized by, or is contrary to, the Civil Service Act. The Civil Service Act provides that the only basis on which a suspension can be upheld on appeal

---

[1] This term includes a hearing examiner. *City of Pasadena v. Smith*, 292 S.W.3d 14, 19 (Tex. 2009).

is for violation of a local civil service rule.  Tex. Loc. Gov't Code §143.053(g).  Section 143.053 of the Act is entitled "Appeal of Disciplinary Suspension," the situation presented in this case. Subsection (g) provides that "The commission[2] may suspend or dismiss a fire fighter or police officer *only for violation of civil service rules* and only after a finding by the commission of the truth of the specific charges against the fire fighter or police officer."[3]  *Id.* (emphasis added).

Sometimes this Court is faced with interpretation of a statute that uses vague or ambiguous language, requiring us to decipher the legislature's intent when promulgating the statute. This is not one of those statutes.  The language of Section 143.053(g) could not be more clear.  The "only" basis upon which a hearing examiner can uphold a fire fighter's suspension is for violation of a local civil service rule.  *Id.*  Here, it is undisputed that the hearing examiner expressly found no violation of the City's Civil Service Rules.  The hearing examiner nevertheless upheld Jenkins's suspension on other bases.  In doing so, the hearing examiner exceeded his jurisdiction, conferring appellate jurisdiction in the district court.

Instead of applying the plain language of the statute, the majority ultimately concludes, in essence, that the legislature could not have really meant what it wrote.  First, the majority reasons

---

[2]  In a disciplinary appeal conducted by an independent hearing examiner under Section 143.057, "the hearing examiner has the same duties and powers as the commission."  Tex. Loc. Gov't Code § 143.057(f); *City of Pasadena*, 292 S.W.3d at 20.

[3]  This requirement is consistent with other provisions within Chapter 143 where suspension of a fire fighter or police officer is concerned.  *See, e.g.*, Tex. Loc. Gov't Code §§ 143.052(b) ("The head of the fire or police department may suspend a fire fighter or police officer under the department head's supervision or jurisdiction for the violation of a civil service rule."), 143.052(e) ("The written statement filed by the department head with the commission must point out each civil service rule alleged to have been violated by the suspended fire fighter . . . and must describe the alleged acts of the person that the department head contends are in violation of the civil service rules.").

that enforcement of the plain language of the statute would run contrary to existing case law in which courts have upheld disciplinary suspensions on grounds other than for violation of local civil service rules. The problem with each of the cases cited by the majority in support of its decision is that none of them actually analyzes the question before us—whether a hearing examiner exceeded his jurisdiction by upholding a suspension on a basis other than a violation of a local civil service rule. Instead, the courts in the cases the majority cites never had to decide the issue. Indeed, as Jenkins openly admits in his brief, no court in Texas has squarely decided what the language of Section 143.053(g) means in this context.

The issue before the Court appears to be one of first impression. I have found no case directly on point. Based on my review of the case law, the case most analogous to our present situation is the Texas Supreme Court's decision in *Bichsel v. Carver*, 321 S.W.2d 284 (Tex. 1959). Although not directly on point, the supreme court's reasoning in *Bichsel* is instructive. There, the City of San Antonio suspended a police officer, charging him with violating department rules. *Id.* at 285. The City then conceded that the charges were legally insufficient and sought to amend the charges to allege violation of local civil service rules. As the supreme court noted, "The Civil Service Act . . . says that policemen may be suspended only for violations of civil service rules. So the second set of charges alleged violations of certain civil service rules."[4] *Id.* The problem for the City was that the Act restricted charges to the original written statement and directed that

---

[4] Indeed, the Civil Service Act's requirement that a department head can only suspend a fire fighter or police officer for violation of a local civil service rule has remained unchanged in the fifty years since the supreme court's decision. *Compare* Tex. Loc. Gov't Code § 143.052(b), *with Bichsel v. Carver*, 321 S.W.2d 284, 285 (Tex. 1959).

the written statement and charges "shall not be amended." *Id.*; *see also* Tex. Loc. Gov't Code § 143.053(c). The City nevertheless contended that it was entitled to amend the charges.

The supreme court disposed of the City's argument based on the Act's plain language:

> If it were not for the above statute, this would be an entirely different case. We must agree with [the police officer] and the courts below that the statute does limit the Chief to his original written charges which may not be amended. That is what the Act says. It is not contended that the statute is ambiguous, and its validity is not attacked. It is our duty, then, to follow it. The wisdom of the provision is a legislative matter.

*Bischel*, 321 S.W.2d at 286. The court then went on to conclude that even if the amendment were allowed by statute, it was filed too late in time. *Id.* at 287. The court concluded its opinion by stating that "[s]ince the charges before the Civil Service Board were not legally brought under the statute in question, the Chief of Police was not authorized to remove [the officer] on them, and the Board had no authority to proceed to uphold his suspension under them." *Id.*

Although it did not directly decide the issue before us now, the supreme court's legal reasoning and reading of the Civil Service Act is telling. The court enforced the Act based on its plain meaning, even though it is fairly obvious from the opinion that the court was not entirely comfortable with the result compelled by that reading. Nevertheless, the court recognized that absent ambiguity, the statute must be applied as written, and that it was up to the legislature to change the statute if the plain meaning is not what it intended. The court also noted that its plain reading of the statute—which protected the police officer's rights—made sense, given that one purpose of the Act is to protect the rights of those who serve as fire fighters and police officers. *Id.* at 286.

5

Here, the plain meaning of the statute should likewise be enforced. Doing so does not promote form over substance, as the majority decries. It simply carries out what the legislature instructed. Doing so also does not contravene the purpose of the statute, as the majority contends. In fact, it serves the same purpose noted by the supreme court in *Bichsel*—to protect the rights of those who serve as fire fighters. *See generally Talley v. City of Killeen*, 418 S.W.3d 205 (Tex. App.–Austin 2013, pet. denied) (enforcing language of Act for protection of police officer where city rule was contrary to Act). Finally, applying the Act's plain language does not, as the majority claims, lead to an absurd result any more than the supreme court's decision in *Bichsel* did by not allowing the city to amend its charges from a violation of department rules to a violation of civil service rules.[5]

The Legislature promulgated protections for suspended police officers and fire fighters in the Act. Neither the Court nor any party to this proceeding claims that the language of Section 143.053(g) is ambiguous or invalid. The statute's language is plain—the hearing officer

---

[5] Indeed, applying the plain language of the Act leads to a less absurd result than the argument made by the City that Jenkins's suspension could be upheld for violations of Section 143.051 of the Local Government Code alone. That provision provides: "A commission rule prescribing cause for removal or suspension of a fire fighter or police officer is not valid unless it involves one or more of the following grounds." Tex Loc. Gov't Code § 143.051. The statute then lists those grounds.

Section 143.051, on its face, merely establishes parameters for rules that may be promulgated by a commission to serve as the basis for the suspension of a fire fighter. It does not, in and of itself, provide grounds for a particular fire fighter's suspension. For example, under Section 143.051(11), a commission may adopt a rule that a fire fighter's "shirking duty or cowardice at fires" is a ground for suspension. However, there is nothing in Section 143.051 that requires a commission to adopt such a rule. If Section 143.051 were a valid basis for a charge leading to suspension in and of itself, as the City contends, then a fire fighter in a particular locality could be suspended for cowardice at fires, even if the commission in his locality never adopted such a civil service rule.

6

could sustain Jenkins's suspension only on the basis of a violation of the City's Civil Service Rules. Because the hearing officer exceeded his jurisdiction by sustaining Jenkins's suspension on other grounds, the trial court had jurisdiction over Jenkins's appeal and should have denied the City's plea to the jurisdiction. Accordingly, I would reverse the trial court's grant of the City's plea to the jurisdiction and remand this case to the trial court for further proceedings.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   July 24, 2014

7