

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00381-CV

**CITY OF DEL RIO**,
Appellant

v.

Daniel **JALOMOS**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 31037
Honorable Robert Cadena, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  April 22, 2015

AFFIRMED

The City of Del Rio appeals from an order granting a plea to the jurisdiction and dismissing a suit seeking judicial review of a hearing examiner's decision in a civil service case. We affirm.

### BACKGROUND

Daniel Jalomos was employed as a police officer by the City of Del Rio Police Department. After a citizen made a complaint against Jalomos, the police chief suspended Jalomos indefinitely, the equivalent of dismissal from the department. Jalomos appealed the suspension to the City's civil service commission and elected to have the appeal heard by a hearing examiner. Following

an evidentiary hearing, the hearing examiner rendered a decision sustaining Jalomos's appeal and reinstating him to his former position with full back pay and benefits. In explaining his decision, the hearing examiner wrote:

> Most arbitrators, including myself, prefer to decide cases on the merits rather than disposing of cases on some threshold procedural or substantive issue or issues. However, in the instant case, the state statute spells out requirements for suspending a firefighter or police officer. The requirement for timely filing the notice of suspension with the Civil Service Commission vis-à-vis the date of the imposition of the suspension was not met nor was the requirement that [Jalomos] be immediately served a copy of the statement filed with the Commission accomplished. I do not find substantial compliance. Filing the Statement with the Civil Service Commission some 360 hours after the suspension is three times the length allowed by law. Never serving a copy of this statement to [Jalomos] does not comply with the statute and the eventual receipt of the statement by [Jalomos's] counsel sometime later in the process is not substantial compliance. Finally, the Memorandum [Jalomos] received on May 28, 2013[,] does not comply with the statute because of the passage of time and lack of specificity [of] the alleged acts and their connection to violations of rules and/or policy.

The City filed suit in the district court, seeking review of the hearing examiner's decision. In its suit, the City alleged that the hearing examiner exceeded his jurisdiction because his acts were not authorized by Chapter 143 of the Texas Local Government Code. Specifically, the City alleged that the hearing examiner decided the entirety of the case by finding that the police chief failed to comply with certain requirements under Chapter 143, such as timely filing a written statement with the civil service commission and immediately delivering a copy of the written statement to Jalomos. The City also alleged the hearing examiner exceeded his jurisdiction by not addressing the merits of the suspension or the truth of the citizen complaint against Jalomos. The City finally alleged that the hearing examiner exceeded his jurisdiction by automatically reinstating Jalomos based on statutory violations for which automatic reinstatement was not mandated by chapter 143.

In response to the suit, Jalomos filed a plea to the jurisdiction, questioning the district court's jurisdiction to entertain the suit. The trial court granted the plea to the jurisdiction and dismissed the City's suit. The City appealed to this court.

## STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). As the petitioner, the onus was on the City to allege facts affirmatively showing that the trial court had jurisdiction to hear its case. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

## THE FIRE FIGHTER AND POLICE OFFICER CIVIL SERVICE ACT

Chapter 143 of the Texas Local Government Code, known as the Fire Fighter and Police Officer Civil Service Act ("the Act"), establishes a statutory framework for police officers to challenge disciplinary suspensions. *City of San Antonio v. Salvaggio*, 419 S.W.3d 605, 611 (Tex. App.—San Antonio 2013, pet. denied). The Act's purpose is "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." TEX. LOCAL GOV'T CODE ANN. § 143.001 (West 2008).

The Act authorizes the head of a police department to suspend a police officer under his supervision for a violation of a civil service rule. TEX. LOCAL GOV'T CODE ANN. § 143.052(b) (West 2008). Upon suspending an officer, the department head shall, within 120 hours (five days) of the suspension, file with the civil service commission a "written statement" "giving the reasons for the suspension," and also shall "immediately deliver a copy of the statement in person to the suspended" "police officer." *Id*. § 143.052(c). The written statement "must point out each civil

service rule alleged to have been violated by the suspended" "police officer and must describe the alleged acts of the person that the department head contends are in violation of the civil service rules." *Id.* § 143.052(e). "It is not sufficient for the department head merely to refer to the provisions of the rules alleged to have been violated." *Id.* "If the department head does not specifically point out in the written statement the act or acts of the fire fighter or police officer that allegedly violated the civil service rules, the commission shall promptly reinstate the person." *Id.* § 143.052(f).

Under the Act, an officer may appeal his suspension either to the civil service commission or to an independent third party hearing examiner. TEX. LOCAL GOV'T CODE ANN. § 143.057(a), (b) (West 2008). The hearing examiner has the same duties and powers as the commission. *Id.* 143.057(f). When a police officer elects to have his suspension reviewed by a hearing examiner, the hearing examiner's decision is final and binding on all the parties. *Salvaggio*, 419 S.W.3d at 610; *see* TEX. LOCAL GOV'T CODE ANN. § 143.057(c).

The grounds on which a hearing examiner's decision may be appealed to a district court are very limited. *City of Houston v. Clark*, 197 S.W.3d 314, 324 (Tex. 2006); *Salvaggio*, 419 S.W.3d at 611. Such appeals are governed by section 143.057(j), which provides:

> A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or *exceeded its jurisdiction* or that the order was procured by fraud, collusion, or other unlawful means. An appeal must be brought in the district court having jurisdiction in the municipality in which the fire or police department is located.

TEX. LOCAL GOV'T CODE ANN. § 143.057(j) (emphasis added). "[A] hearing examiner exceeds his jurisdiction when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *City of Pasadena v. Smith*, 292 S.W.3d 14, 21 (Tex. 2009).

**DISCUSSION**

In a single issue, the City argues the trial court erred in granting the plea to the jurisdiction because the hearing examiner exceeded his jurisdiction. The crux of the City's argument is that the Act did not authorize the hearing examiner to reinstate Jalomos based solely on the procedural failures that occurred in this case. In response, Jalomos argues that the hearing examiner's decision was authorized, pointing out that section 143.052 specifically dictates the penalty when a department head fails to specify in a statement the officer's acts that allegedly violated the civil service rules.

In his decision, the hearing examiner found "multiple failures to follow the statutory mandates of Chapter 143 of the Texas Local Government Code" which were "dispositive of this case." The hearing examiner found that Jalomos was suspended on May 13, 2013, but the police chief did not file a written statement with the commission giving his reasons for the suspension until May 28, 2013, which was fifteen days after the suspension. Furthermore, a copy of the written statement filed with the commission was never given to Jalomos. Instead, Jalomos was given a memorandum that stated the rules and policies he allegedly violated, but failed to describe the specific acts that Jalomos engaged in to violate the rules and policies in question. The hearing examiner found that the memorandum given to Jalomos did not comply with the Act's requirements:

> [T]he [m]emorandum actually delivered to [Jalomos] on May 28, 2013, . . . I find . . . to be legally insufficient per the statute. It appears not to have ever . . . been filed with the [c]ivil [s]ervice [c]ommission. It does not contain any definite language linking [Jalomos's] specific actions to violations of policy and/or rules. There appears no real attempt in the [m]emorandum to describe the alleged actions of [Jalomos] that violated policy or civil service rules other than a reference to a citizen's complaint. And finally, it appears that not even the [citizen's complaint] referred to in the [m]emorandum was attached to the [m]emorandum.

The hearing examiner explained in his decision that he would have preferred to have been able to reach the merits of the suspension, that is, the truth of the underlying citizen complaint. However, the hearing examiner concluded that he was precluded from reaching the merits based on the requirements of section 143.052.

Section 143.052, titled "Disciplinary Suspensions," provides, in relevant part:

(c) If the department head suspends a fire fighter or police officer, the department head shall, within 120 hours after the hour of suspension, file a written statement with the commission giving the reasons for the suspension. The department head shall immediately deliver a copy of the statement in person to the suspended fire fighter or police officer.

….

(e) The written statement filed by the department head with the commission must point out each civil service rule alleged to have been violated by the suspended fire fighter or police officer and must describe the alleged acts of the person that the department head contends are in violation of the civil service rules. It is not sufficient for the department head merely to refer to the provisions of the rules alleged to have been violated.

(f) If the department head does not specifically point out in the written statement the act or acts of the fire fighter or police officer that allegedly violated the civil service rules, the commission shall promptly reinstate the person.

TEX. LOCAL GOV'T CODE ANN. § 143.052 (emphasis added).

When interpreting a statute our primary objective is to ascertain and give effect to the Legislature's intent. *Texas Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). In discerning intent, we begin with the plain and common meaning of the statute's words. *Id*. We must read the statute as a whole, not just isolated portions. *Id*. Here, section 143.052(c) required the department head, the police chief, to file a written statement with the commission giving the reasons for Jalomos's suspension within 120 hours of the suspension. TEX. LOCAL GOV'T CODE ANN. § 143.052(c). Subsection 143.052(e) required the written statement to "describe the alleged acts" of Jalomos that the police chief contended were "in violation of the civil service

rules." *See id.* § 143.052(e). Subsection 143.052(c) required the police chief to "immediately deliver a copy of the statement in person to" Jalomos. *See id*. § 143.052(c). This was never done. Instead, Jalomos was given a written statement that failed to describe the act or acts that he committed that were allegedly in violation of the civil service rules.

The City contends this failure did not preclude the hearing examiner from reaching the merits of Jalomos's suspension because subsection 143.052(e) only requires the statement provided to the *commission* to specifically describe the acts that allegedly violated the civil service rules. We disagree. Such an interpretation fails to construe the provisions of the statute as a whole. *See Texas Dept. of Transp.*, 146 S.W.3d at 642. The statute requires the department head to describe in the statement the acts of the officer that allegedly violated the civil service rules. TEX. LOCAL GOV'T CODE ANN. § 143.052(e). The statute also requires the department head to "immediately deliver" to the suspended officer "a copy of the statement" filed with the commission. *Id.* § 143.052(c).[1]

The City further contends the hearing examiner exceeded his authority by implementing a remedy that was not provided in Chapter 143. The police chief was required to provide Jalomos a copy of the statement filed with the commission. *See* TEX. LOCAL GOV'T CODE ANN. § 143.052(c). The statement was required to "describe the alleged acts of the person that the department head contend[ed] [were] in violation of the civil service rules." *See id.* § 143.052(e). Because the statement given to Jalomos failed to comply with subsection 143.052(e), the hearing examiner was required to reinstate Jalomos under section 143.052(f).[2] *See id.* § 143.052(f).

---

[1]The written statement, which functions like a charging instrument, is not subject to amendment. Section 143.053(c) provides: "In a hearing conducted under this section, a department head is restricted to the department head's original statement and charges, which may not be amended." TEX. LOCAL GOV'T CODE ANN. § 143.053(c) (West 2008); *see Bichsel v. Carver*, 321 S.W.2d 284, 286-87 (Tex. 1959) (discussing predecessor statute).

[2]Our interpretation is consistent with the Texas Supreme Court's interpretation in *City of DeSoto v. White*, where it stated:

Finally, the City argues this case is similar to *City of Pasadena v. Smith*, 292 S.W.3d 14 (Tex. 2009). In *Smith*, a hearing examiner summarily reversed a suspension and reinstated a police officer when the police chief was not present to testify at the hearing. *Id*. at 15-16. The hearing examiner's decision was based on the absence of the police chief, a witness the City had not planned to offer. *Id*. at 20. And, in reaching his decision, the hearing examiner relied on a statutory provision that was wholly inapplicable to that case. *Id*. (stating the hearing examiner "had no authority to impose on the City a requirement that the Act makes quite clear does *not* apply."). The Texas Supreme Court held that the hearing examiner exceeded his jurisdiction, reasoning that Chapter 143 does not authorize the rendition of a default judgment as an automatic penalty for noncompliance. *Id*. at 20.

The case before us is very different from *Smith*, where the hearing examiner disallowed the presentation of evidence because he was applying the wrong statutory provision. In the present case, the hearing examiner heard evidence for two days, then issued a sixteen-page decision in which he provided a thorough analysis of the law and the evidence. Additionally, the action taken by the hearing examiner—Jalomos's reinstatement—was expressly authorized by the statute. We conclude the hearing examiner in the present case did not exceed his jurisdiction.

## CONCLUSION

Because the hearing examiner did not exceed his jurisdiction, the trial court had no jurisdiction to entertain the City's suit. The trial court properly granted the plea to the jurisdiction.

---

As a comparison, section 143.052(e) provides that the letter of disciplinary action provided to the *officer* "must point out each civil service rule alleged to have been violated . . . and must describe the alleged acts." Subsection (f) provides the remedy: "If the department head does not specifically point out in the written statement the act or acts of the . . . police officer that allegedly violated the civil service rules, the commission shall promptly reinstate the person."

288 S.W.3d 389, 391 (Tex. 2009) (emphasis added) (internal citations omitted).

*See* TEX. LOCAL GOV'T CODE ANN. § 143.057(j). Therefore, the trial court's order granting the plea to the jurisdiction and dismissing the City's suit is affirmed.

Karen Angelini, Justice