# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00148-CV

**Jermaine A. Hopkins, Appellant**

**v.**

**The City of Austin, The City of Austin Firefighters' Civil Service Commission, The City of Austin Police Officers' Civil Service Commission, and The City of Austin Emergency Medical Personnel's Civil Service Commission, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-15-004035, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jermaine A. Hopkins appeals from the district court's order granting appellees' plea to the jurisdiction and dismissing Hopkins's suit for judicial review of his indefinite suspension from the Austin Police Department. (APD). We will affirm.

## Background

In October 2014, the APD indefinitely suspended Hopkins from his duties as a police officer for violations of the City of Austin's civil-service rules.[1] Hopkins appealed his suspension to an independent third-party hearing examiner, who ultimately denied Hopkins's appeal.[2] Hopkins

---

[1] *See* Tex. Loc. Gov't Code § 143.052(b) (authorizing suspension for violation of civil-service rule); *see generally id.* §§ 143.001–.403 (Civil Service Act).

[2] *See* Tex. Loc. Gov't Code § 143.057(a) (authorizing appeal to hearing examiner).

then filed the underlying suit for judicial review, alleging that the hearing examiner had exceeded his jurisdiction and that the hearing examiner's order was procured by fraud, collusion, and other unlawful means.[3] Hopkins asked the district court to, among other relief, vacate the hearing examiner's decision, reverse Hopkins's suspension, and award back pay and benefits lost. In response, appellees filed a plea to the jurisdiction, with evidence attached, asserting that the district court lacked jurisdiction over Hopkins's suit because Hopkins failed to plead any facts showing that the hearing examiner had acted outside his authority or that the hearing examiner's order was procured by fraud, collusion, or unlawful means. The district court issued an order granting the plea and dismissing Hopkins's suit. It is from this order that Hopkins appeals.

**Standard of Review**

A plea to the jurisdiction challenges a trial court's authority to decide a case.[4] Analysis of whether this authority exists begins with the plaintiff's live pleadings.[5] The plaintiff has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause.[6] Whether the plaintiff met this burden is a question of law that we review de novo.[7] We

---

[3] *See id.* § 143.057(j) (authorizing judicial review of hearing examiner's order "only on the grounds that the [hearing examiner] was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means").

[4] *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

[5] *Id.* at 226.

[6] *Id.* (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

[7] *Id.*

construe the pleadings liberally, taking them as true, and look to the pleader's intent.[8]  If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should be afforded the opportunity to amend.[9]  If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.[10]

When resolving issues presented by the plea to the jurisdiction, we may consider evidence that the parties have submitted and must do so when necessary to resolve the jurisdictional issues.[11]  In fact, in a plea to the jurisdiction, a party may present evidence to negate the existence of a jurisdictional fact alleged in the pleadings, which we would otherwise presume to be true.[12]  To the extent the challenge implicates the merits of the plaintiff's cause of action, the party asserting the plea has the burden of negating a genuine issue of material fact as to the jurisdictional fact's existence, in a manner similar to a traditional summary-judgment motion.[13]  Whether the party meets this burden is a question of law that we review de novo.[14]  If the pleading requirement has been met

---

[8]  *Id.*

[9]  *Id.* at 226–27.

[10]  *Id.* at 227.

[11]  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

[12]  *See Miranda*, 133 S.W.3d at 227.

[13]  *See id.* at 227–28.

[14]  *Id.* at 228.

3

and the party challenging jurisdiction submits evidence that implicates the merits of the pleader's cause of action, we take as true all evidence favorable to the pleader and indulge every reasonable inference and resolve any doubts in the pleader's favor.[15]

**Discussion**

Hopkins's principal issue on appeal is that the court erred in granting appellees' plea to the jurisdiction because his pleadings assert sufficient facts to establish jurisdiction under section 143.057(j) of the Civil Service Act. Specifically, Hopkins argues that the hearing examiner exceeded his jurisdiction by (1) affirming the APD's suspension for insubordination because Hopkins's acts were in compliance with his rights under the Texas Public Information Act and the Civil Rights Act and (2) considering evidence outside the Civil Service Act's 180-day deadline. We disagree that Hopkins has alleged sufficient facts to establish the district court's jurisdiction over his appeal from the hearing examiner's decision.

Appeals from a hearing examiner's decision "are severely circumscribed."[16] "A district court may hear an appeal of a hearing examiner's award only on the grounds that the [hearing examiner[17]] was without jurisdiction or exceeded its jurisdiction or that the order was procured by

---

[15] *Id.*

[16] *City of Houston v. Clark*, 197 S.W.3d 314, 320 (Tex. 2006)

[17] Although this provision actually refers to an "arbitration panel" exceeding its jurisdiction, the term is synonymous with "hearing examiner." *See City of Pasadena v. Smith*, 292 S.W.3d 14, 19 (Tex. 2009) (citing *Clark*, 197 S.W.3d at 319 n. 5 (presuming that "reference to 'arbitration panel' includes an independent hearing examiner")).

fraud, collusion, or other unlawful means."[18]  According to the Texas Supreme Court, "a hearing examiner exceeds his jurisdiction when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine."[19]

Regarding his claims that the hearing examiner's order was procured by fraud, collusion, or other unlawful means, Hopkins's petition merely alleged, without further elaboration or support of any kind, that the hearing examiner's "ruling was secured via fraud, collusion, or some other unlawful means."  But simply parroting the statutory grounds for jurisdiction is not sufficient to establish jurisdiction—a party must allege facts that affirmatively demonstrate the trial court's jurisdiction.[20]

As for his claim that the hearing examiner exceeded his jurisdiction, Hopkins's petition alleged that the hearing examiner exceeded his authority under the Civil Service Act by issuing a decision that was unconstitutional because it affirmed the City's authority to prohibit Hopkins from engaging in various protected activity, including certain constitutional rights and his right to seek public information under the Texas Public Information Act.  The allegations that Hopkins makes in his petition (and in his brief to this Court) are, however, simply complaints about the correctness of the hearing examiner's decision—i.e., Hopkins claims that the hearing examiner reached the wrong decision regarding his suspension.  But to establish jurisdiction over an appeal from a hearing examiner's decision, Hopkins had to allege facts indicating that the hearing

---

[18]  Tex. Loc. Gov't Code § 143.057(j).

[19]  *City of Pasadena*, 292 S.W.3d at 21.

[20]  *See, e.g.*, *Miranda*, 133 S.W.3d at 226.

5

examiner's acts were "not authorized by the Act or are contrary to it" or "invade the policy-setting realm protected by the nondelegation doctrine."[21]

In support of their plea to the jurisdiction, appellees submitted evidence, which the district court considered in deciding the plea, demonstrating that Hopkins's suit was merely an attempt to relitigate issues already decided by the hearing examiner—i.e., complaints regarding the correctness of the hearing examiner's decision. Appellees' evidence further establishes that, in connection with Hopkins's appeal, the hearing examiner's actions were authorized by and in conformance with the Civil Service Act.

Hopkins maintains on appeal that his petition's reference to the hearing examiner's order is a factual allegation regarding jurisdiction because it shows that the hearing examiner considered acts of Hopkins that took place outside the Civil Service Act's 180-day limitation.[22] But even assuming Hopkins's characterization of the hearing examiner's decision is correct, the deadline he references places a limitation on the department head regarding complained-of acts, it does not limit the scope of the evidence presented to a hearing examiner.[23] In fact, two of our sister courts have held that there is nothing in the Act that precludes consideration of acts outside this time frame

---

[21] *City of Pasadena*, 292 S.W.3d at 21.

[22] *See* Tex. Loc. Gov't Code § 143.052(h) ("In the original written statement and charges and in any hearing conducted under this chapter, the department head may not complain of any act that occurred earlier than the 180th day preceding the date the department head suspends the . . . police officer.").

[23] *See id.*

"to explain or evaluate 'the propriety and gravity' of the acts within the six-month period."[24] A hearing examiner is authorized under the Act to, among other things, consider the evidence submitted at a hearing and render a just and fair decision on the suspension based on that evidence.[25]

We conclude that Hopkins has failed to affirmatively allege facts that invoke the district court's jurisdiction. Moreover, as noted, Hopkins's pleadings and the jurisdictional evidence affirmatively negate the facts he would be required to plead in support of his claims.[26] Accordingly, we hold that the district court did not err in granting appellees' plea to the jurisdiction, and overrule Hopkins's first issue.

In a second issue, Hopkins argues that the district court erred in dismissing his request for declaratory relief because appellees had not sought such relief in its plea to the jurisdiction. A cursory review of appellees' plea to the jurisdiction establishes that this argument is without merit. Appellees' plea to the jurisdiction plainly seeks dismissal, on jurisdictional grounds, of all Hopkins' claims. Accordingly, we overrule Hopkins's second issue.

---

[24] *City of San Antonio v. Longoria*, No. 04-04-00063-CV, 2004 WL 2098074, *3 (Tex. App.—San Antonio Sept. 24, 2004, no pet.) (mem.op) (citing *Plaster v. City of Houston*, 721 S.W.2d 421, 423 (Tex. App.—Houston [1st Dist.] 1986, no writ.) (concluding that predecessor to section 142.052(h) "does not preclude the Chief of commission from considering acts outside the six month period to explain the acts 'complained of'")).

[25] *See* Tex. Loc. Gov't Code §§ 143.010(g), .057(f).

[26] *See Miranda*, 133 S.W.3d at 227 (if pleadings affirmatively negate existence of jurisdiction, then plea to the jurisdiction may be granted without allowing opportunity to amend).

7

## Conclusion

Having overruled Hopkins's issues, we affirm the district court's order granting appellees' plea to the jurisdiction and dismissing Hopkins's claims.

 

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed:  July 13, 2017